(19 Misc. Rep. 452.)

LECHNER v. VILLAGE OF NEWARK.

(Supreme Court, Special Term, Monroe County. October, 1896.)

MUNICIPAL CORPORATIONS—USE OF STREETS—BICYCLES ON SIDEWALK.
Laws 1892, p. 2220 (Highway Law) § 163, forbids the exclusion of bicycles from highways, but declares that such provision shall not prevent the proper authorities from forbidding the use of bicycles on sidewalks. Pen. Code, § 654a, makes it a misdemeanor to put on any sidewalk glass, tacks, etc., by which bicycle tires might be injured. Held, that village trustees, having the power of highway commissioners, may authorize the use of sidewalks by persons riding on bicycles.

Action by Anna Lechner against the village of Newark. Defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Sustained.

Hoag & Hammond, for plaintiff.

B. C. Williams (Jenney & Jenney, of counsel), for defendant.

WERNER, J. The defendant is a village, deriving its legal status as such under chapter 74 of the Laws of 1885. This action is brought to recover damages for injuries sustained by the plaintiff on the 1st day of October, 1893, in a collision with one William Fahy, who was riding a bicycle upon the sidewalks of said village in pursuance of a license granted to him by the village authorities under an ordinance passed by the trustees on or about the 1st day of August, 1893. This ordinance established a system of registration, for which a small fee was charged, and in consideration of which the licensee was permitted to ride a bicycle upon the walks of said village. The authority of the village trustees, who are, by the terms of said charter, constituted the highway commissioners of said village, with the usual powers and duties to adopt and enforce proper and lawful ordinances for the regulation of travel upon the streets and highways in said village, is conceded in the complaint; but the adoption of the ordinance of August 1, 1893, giving to bicyclists the right to ride upon the sidewalks of said village, is challenged as improper and unlawful. The plaintiff's cause of action is predicated upon the theory that by the alleged unlawful adoption of the ordinance in question, and the licensing of said William Fahy in pursuance thereof, the defendant participated in the alleged wrongful act of Fahy, in consequence of which the plaintiff was injured, and that the defendant is therefore liable.

The subject-matter in relation to which said ordinance was passed being within the general jurisdiction of the trustees, their act was not ultra vires. Dill. Mun. Corp. § 936. The allegation that the defendant had no power to pass an ordinance granting the use of the sidewalks to persons riding upon bicycles is purely an allegation of law, and is not within the general rule that all the allegations of a pleading are deemed to be admitted for the purposes of a demurrer. Bliss, Code Pl. § 418. Plaintiff's contention is that the bicycle is a vehicle, and as such has no right upon the sidewalk, notwithstanding the ordinance adopted by the defendant. The legal status of the bicycle in this state is fixed by section 162 of the highway law, which is a part of the general laws of 1892. The term "carriage," as used in this law, includes "bicycles, tricycles and all other vehicles propelled by manu-motive or pedomotive power." The sidewalks in our cities and villages are, of course, intended primarily for the use of pedestrians. The statutes and ordinances which prohibit the use of sidewalks for driving, riding, etc., are the outgrowth of conditions which render the division of our highways into driveways and footpaths or sidewalks necessary. The bicycle, although classed as a vehicle, and governed by the "law of the road" when used in the highway, is nevertheless a vehicle which, like the baby carriage, has a sphere of its own. To

habitually drive the ordinary vehicle drawn by a horse or horses upon the sidewalks of a city or village would not only utterly subvert such sidewalks from the use for which they were intended, but would create a nuisance, whether with or without the consent of the municipal authorities; but not so, per se, in the case of a bicycle or baby carriage. The use of those vehicles upon the sidewalks may or may not create a nuisance, and may or may not interfere with the proper use thereof by pedestrians, according to the circumstances of the case. What would amount to an unlawful interference with the rights of pedestrians, or constitute a nuisance, upon the crowded streets of a populous city, might not cause the slightest inconvenience upon the walks of a rural village. There being no allegation in the complaint to support the claim made by the plaintiff's counsel upon the argument, that the passage of said ordinance created a nuisance, we will briefly consider the only question in the case, viz. was the act of the defendant, in adopting the ordinance giving to bicyclists the right, under certain conditions, to use the walks of the village, unlawful, so that the defendant became, per se, liable for any injury that a pedestrian might sustain in consequence of such use of the walks? In determining this question, we must first look to the general laws of the state. As all municipal authority is derived from the legislature, the provisions of municipal charters, however broad, are subject to such restrictions as may be imposed by general laws. Section 652 of the Penal Code provides that:

"A person who, willfully and without authority, drives any team, vehicle, cattle, sheep, horse, swine or other animal along upon a sidewalk, is punishable by a fine of fifty dollars or imprisonment in a county jail not exceeding thirty days, or by both."

Section 163 of the highway law provides that:

"The commissioners, trustees or other authorities, having charge or control of any highway, public street, parkway, driveway or place, shall have no power or authority to pass, enforce or maintain any ordinance, rule or regulation by which any person using a bicycle or tricycle shall be excluded or prohibited from the free use of any highway, public street, avenue, roadway, driveway, parkway or place, at any time when the same is open to the free use of persons having and using other pleasure carriages; but nothing herein shall prevent the passage, enforcement or maintenance of any regulation, ordinance or rule, regulating the use of bicycles or tricycles in highways, public streets, driveways, parkways and places, in such manner as to limit and determine the proper rate of speed with which such vehicles may be propelled, nor in such manner as to require, direct or prohibit the use of bells, lamps and other appurtenances, nor to prohibit the use of any vehicle upon that part of the highway, street or parkway commonly known as the footpath or sidewalk."

It is contended by the plaintiff that these provisions sustain the claim that the passage of the ordinance in question was unlawful. We are inclined to a different view. It will be observed that said section of the Penal Code makes it an offense to "willfully and without authority drive a * * * vehicle, etc., along upon the sidewalks." This language contains a reservation of power in the proper authorities to suspend or modify, in case of necessity or emergency, the general prohibition against any such use of the sidewalks. While it would, of course, not authorize an habitual and continuous disregard

of this provision of the statute, it seems clearly to clothe the proper authorities with discretionary powers in special emergencies and for certain purposes. This view of the statute referred to seems to be strengthened by the language of said section 163 of the highway law. It will be observed that it—First, forbids the exclusion of the bicycle from the use of the highway or street when it is open to other carriages; second, it does not prevent the proper authorities from (1) requiring, (2) directing, (3) prohibiting the use of bells, lamps or other appurtenances, or (4) prevent the proper authorities from prohibiting the use of any bicycle upon the sidewalks. The right of the bicyclist to that part of the highway open to other carriages is absolute. The right of the authorities to direct or prohibit the use of bells, lamps, or other appurtenances, and to prohibit the use of vehicles upon sidewalks, is simply permissive. This language recognizes the absolute rights of the bicycle when upon that part of the highway usually set apart for the exclusive use of vehicles, but it also seems to recognize the peculiar sphere of the bicycle as a vehicle, by vesting in the proper authorities a discretionary power to direct or prohibit certain things in connection with its use. The giving of discretion to prohibit presupposes the power to grant the thing which may be prohibited. But the legislative intent is still further emphasized by the enactment of section 654a of the Penal Code, which reads as follows:

"Whoever, with intent to prevent the free use of a cycle thereon, shall throw, drop or place, or shall cause or procure to be thrown, dropped or placed in or upon any cycle path, avenue, street, sidewalk, alley, road, highway or public way or place, any glass, tacks, nails, pieces of metal, brier, thorn or other substance which might injure or puncture any tire used on a cycle, or which might wound, disable or injure any person using such cycle, shall be guilty of a misdemeanor and, on conviction, shall be fined not less than five nor more than fifty dollars."

Why should it be made a misdemeanor to place upon the sidewalks anything which might injure or puncture any tire used on a bicycle, if it was the intention of the legislature to make it unlawful to ride a bicycle upon the sidewalks? We are referred to the cases of Cohen v. Mayor, etc., 113 N. Y. 532, 21 N. E. 700, and Speir v. City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, as authorities for the plaintiff's contention herein. We think both cases are clearly distinguishable from the one before us. In the Cohen Case the license to Marks was without the semblance of authority, and the storage of his wagon in the street was alleged and proven to be a nuisance, and this view was sustained by the court of appeals. In the Speir Case the display of fireworks authorized by the permit of the mayor was held to be a nuisance, not because a display of fireworks is, per se, a nuisance, but because, under the peculiar circumstances of the case, it was such. The cases of Holland v. Bartch, 120 Ind. 46–50, 22 N. E. 83; Mercer v. Corbin, 117 Ind. 450, 20 N. E. 132; and other cases decided in sister states, cited by the plaintiff's counsel,—do not help us in the decision of this question. A bicycle being by our statute law classed as a vehicle, no judicial interpretation is required upon that subject. Moreover, it will be observed that in nearly every instance the decisions in other states were based

upon statutes unlike our own. There have been decided in other states many bicycle cases containing dicta as to the propriety of confining bicyclists to the use of that part of the highway set apart for other vehicles, which will probably be cited with approval everywhere; but the question before us is not whether it is proper to exclude the riders of bicycles from the use of the sidewalks, but rather whether it was unlawful for the defendant to grant permission for such use, so as to render it liable for injuries sustained in consequence thereof, regardless of the question whether the defendant was guilty of any negligence which directly contributed to or caused the accident. Section 6, tit. 3, of the village charter, and other provisions thereof, conferred upon the street commissioners and trustees general supervision of the streets and sidewalks in the village. If there is nothing in the general laws to prohibit the adoption of the ordinance licensing riders of bicycles to use the sidewalks in said village, the defendant had the power to grant such license. Having such power, the mere granting of the license does not make the defendant liable for injuries sustained in consequence of the improper or negligent acts of the licensee, unless, after notice that such licensee was, in the first instance, an improper person, or was negligent or careless in the exercise of the privilege granted him, the defendant neglected or refused to revoke the license or take other steps for the safety of the public. It will, of course, be conceded that it is unlawful, even at common law, to maintain or authorize the maintenance of a public nuisance, but our statute (section 385, Pen. Code) very explicitly makes it a misdemeanor to create and maintain a public nuisance. If the licensing of bicycles to ride upon the walks of the village of Newark created a public nuisance, then, although the defendant had inherent powers to pass the ordinance in question, yet it would be unlawful, and the maintenance of such public nuisance would undoubtedly render the defendant liable for all injuries sustained in consequence thereof. But the complaint herein is barren of allegations upon which to predicate a cause of action for the maintenance of a public nuisance, and said ordinance cannot, therefore, be regarded as unlawful or improper upon this ground.

Reduced to its final analysis, the complaint herein may be summed up as follows: (1) It admits the power of the defendant to make proper rules and ordinances in relation to its streets and sidewalks. (2) It denies the right of the defendant to make the ordinance in question. (3) It charges the defendant with liability for plaintiff's injuries simply because of the passage of said ordinance. As has been already suggested, the allegation that the defendant had no power to adopt said ordinance is one of law, and does not affect defendant's right to demur. If, therefore, this ordinance was not per se unlawful, and did not create a public nuisance, the defendant cannot be held liable for the injuries to the plaintiff, in the absence of affirmative negligence on its part, even though it may have acted unwisely in passing this particular ordinance. Dill. Mun. Corp. § 949. These views necessarily lead to the conclusion that the complaint does not state facts sufficient to con-

stitute a cause of action, and that defendant's demurrer is well taken.

Let judgment be entered for the defendant upon the demurrer, with costs, with leave to the plaintiff to serve an amended complaint within 20 days after the entry of judgment and service of notice thereof upon the plaintiff's attorneys, and upon the payment of said costs. Ordered accordingly.