(166 App. Div. 550)

PEOPLE ex rel. KIELEY v. LENT et al.

(Supreme Court, Appellate Division, Second Department. March 12, 1915.)

1. THEATERS AND SHOWS ⨎3—LICENSES—CONDITIONS.
    A license for an exhibition of moving pictures may be conditionally granted, subject to reasonable hours of opening and other limitations upon its exercise.
    [Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 3; Dec. Dig. ⨎3.]

2. MUNICIPAL CORPORATIONS ⨎633—VIOLATION OF ORDINANCE—POWER TO FINE AND IMPRISON.
    The derivative power of a municipality to fine and imprison can only exist under and in the due enforcement of authority clearly given to it, and the intent that its ordinances may supersede the state law will not

⨎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be inferred from general grants of power, nor held to exist as an implied or incidental right. The provisions of a municipal charter, however broad, are subject to such restrictions as may be imposed by general laws, and Laws 1913, c. 247, amending General City Law (Consol. Laws, c. 21) § 20, subd. 22, authorizing the enforcement of ordinances by penalties and imprisonment, did not surrender the general power to legislate against criminal offense.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1390–1399; Dec. Dig. ☞633.]

3. SUNDAY ☞2—OBSERVANCE—AMUSEMENTS.

The Legislature alone may prescribe how Sunday shall be kept, and hence the city of Yonkers could not independently compel and enforce Sunday closing of a moving picture place by fine and imprisonment, unless such prohibition was part of the law and policy declared by the Legislature.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. § 2; Dec. Dig. ☞2.]

Habeas corpus, on relation of Wolden Kieley, against William H. Lent and others. Writ sustained, and relator discharged.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

John J. Finn, of New York City (William E. Butler, of New York City, on the brief), for relator.

Frederick E. Weeks, Dist. Atty., of White Plains, and Thomas F. Curran, Corp. Counsel, of Yonkers, for respondents.

PUTNAM, J. The powers of the city of Yonkers, under its municipal charter,† to regulate amusements and common shows, include a right to license an exhibition of moving pictures. The city ordinance (section 13), however, prohibits such a show on Sunday, and declares that every person violating this section shall "forfeit a penalty of not less than twenty-five dollars ($25.00) nor more than one hundred dollars ($100.00) in the discretion of the magistrate convicting." The relator has been arrested for violation of this section.

[1, 2] A license may be conditionally granted. It may be given subject to certain reasonable hours of opening and other limits upon its exercise. But the derivative power of a municipality to fine and imprison can only exist under and in the due enforcement of authority clearly committed to the municipality. The intent that municipal corporations by ordinance can supersede the state law will not be inferred from general grants of power, nor will such authority be held to exist as an implied or incidental right. Dillon, Municipal Corporations, (5th Ed.) § 632. As all municipal authority comes from the Legislature, the provisions of municipal charters, however broad, are subject to such restrictions as may be imposed by general laws. Lechner v. Village of Newark, 19 Misc. Rep. 452, 454, 44 N. Y. Supp. 556. The additional powers by chapter 247, Laws of 1913, amending the General City Law (chapter 21, Consol. Laws), giving authority to enforce ordinances by affixing penalties, forfeitures, and imprisonment (section 20, subdiv. 22), did not, and could not, surrender the general

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

† Laws 1908, c. 452, art. 3, § 1, subd. 27.

power to legislate against criminal offenses, which remains in the Legislature. People v. Jarvis, 19 App. Div. 466, 46 N. Y. Supp. 596.

[3] The Legislature alone may command how Sunday shall be kept. Neuendorff v. Duryea, 69 N. Y. 557, 25 Am. Rep. 235; People v. Dunford, 207 N. Y. 17, 20, 100 N. E. 433; People v. Moses, 140 N. Y. 215, 35 N. E. 499. Hence the city of Yonkers cannot independently compel and enforce Sunday closing, by means of fine or imprisonment, unless such prohibition is part of the law and policy as declared by the Legislature.

It follows that the writ should be sustained, and the relator discharged. All concur; BURR, J., in the result.

(Supreme Court, Appellate Division, Second Department.   March 12, 1915.)