HOLY SEPULCHRE CEMETERY, Plaintiff, *v.* TOWN OF GREECE, Defendant.

Supreme Court, Special Term, Monroe County, June 26, 1947.

*Dwyer, Shearer and Dwyer* for plaintiff.

*William G. Easton* for defendant.

GILBERT, J. This motion is for judgment on the pleadings, after issue joined, in favor of the plaintiff, on the ground that no triable issue of fact is raised by the answer and that plaintiff is entitled to judgment as matter of law. The action is brought for a declaratory judgment determining that the Town of Greece is without power to regulate or restrict the plaintiff in the use of its lands in the town of Greece for cemetery purposes. Six causes of action are alleged in the complaint, one on constitutional grounds.

The facts of this case are fully set out in the opinion by Justice LARKIN, writing for the Appellate Division, in a proceeding brought to review the action taken by the board of appeals of the town of Greece in denying plaintiff a permit to use lands acquired by it for cemetery purposes. (See *Matter of Holy Sepulchre Cem.* v. *Bd. of Appeals, Greece,* 271 App. Div. 33.) For this reason detailed facts will not be set forth in this opinion.

The first point to be considered in this action is the claim by the plaintiff that by reason of a statutory amendment to plaintiff's charter by chapter 502 of the Laws of 1944, it was expressly authorized to acquire and use the particular land in question for

cemetery purposes. A reading of the 1944 enactment does not support this claim. Such enactment, so far as pertinent, reads as follows: " § 3. The said corporation may acquire and hold such land within the county of Monroe and within five miles of the city of Rochester not exceeding six hundred and fifty acres, as they may select, for the exclusive use of a cemetery or place for the burial of the dead * * *." There is no question but that the land acquired and in question is within five miles of the city of Rochester and does not exceed 650 acres. However, the enactment does not purport to locate the land to be acquired with the exception of a general location and the actual location of the same is to be determined by the plaintiff. This enactment cannot be construed as legislative authority to acquire and hold the particular lands in question for exclusive use as a cemetery. It is nothing more than an amendment to plaintiff's charter permitting it to acquire and hold more land for its own uses, and is an enlargement of its original corporate powers.

Plaintiff further contends that there is a settled State policy with respect to the location of cemeteries and that a general grant of power to towns to zone will not permit a town to override this State policy. To support its contention the plaintiff refers to sections 72, 73 and 75 of the Membership Corporations Law to show a declared policy of the State.

There is no question but that where a conflict of authority exists between an enactment of a municipal government and a State enactment, a general grant of local administrative power confers no authority to abrogate a general State statute. Further, where a State policy exists the municipality may not ignore such policy unless it is specifically empowered to do so in terms clear and explicit. (*Jewish Consumptives' Relief Soc.* v. *Town of Woodbury*, 230 App. Div. 228, affd. 256 N. Y. 619; *People ex rel. Kieley* v. *Lent*, 166 App. Div. 550, affd. 215 N. Y. 626; *Matter of Kress & Co.* v. *Dept. of Health*, 283 N. Y. 55.) However, a municipality empowered to adopt health regulations may, in spite of general regulation by the State, adopt additional regulations or requirements where there is a real distinction between the locality and other parts of the State, based upon conditions existing in the locality. (*Matter of Kress & Co.* v. *Dept. of Health, supra*; *Matter of Oltarsh* v. *Levy*, 242 App. Div. 617, affd. *sub nom. People ex rel. Oltarsh* v. *Levy*, 266 N. Y. 523; *People* v. *Lewis*, 295 N. Y. 42.) In other words, a municipality may not make its own regulations and restrictions inconsistent with State law, and it may not prohibit that which the State law permits. This does not mean, however, that a municipality may not adopt

regulations and restrictions in furtherance of its own public welfare, not inconsistent with State enactment or policy and which regulations and restrictions are merely a refinement of a State policy. Assuming then that a State policy exists which permits the acquisition of lands for cemetery purposes and conceding that the plaintiff has a permissive right by legislative grant to acquire more land for its purposes, there is nothing in law that prohibits a municipality from adopting reasonable regulations or restrictions as to the location and use of such land. In the instant case there is no legislative machinery set up whereby the exact location of the land for cemetery purposes may be determined. At most there is a general policy permitting use of lands for cemetery purposes and permission to plaintiff to acquire land for such purpose. The instant case differs from the facts set forth in *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury* (*supra*), cited by plaintiff in support of its contention. In that case the State had created a board whose permission had to be obtained in order that the type of hospital there in question might be erected. Definite procedure was prescribed for securing such permission and the actual site or location of the hospital was known to the board prior to its determination in the matter and the determination of the board necessarily and definitely located the hospital. Local town ordinances prohibited the erection of the hospital in any part of the township where the State board had granted permission for the erection of the same. The court held that the local act was in conflict with legislative enactment and void. At page 235 of the opinion in the Appellate Division the distinction is noted: " If the Public Health Law dealt only with ' establishment ' and the town had passed an ordinance which limited the place where such institution might be erected within its boundaries, then,·if such limitation were for the benefit óf the health, morals and welfare of the people, there could be no question about it. But here there is an unqualified prohibition." In the instant case there is no unqualified prohibition as respects the location and use of land for cemeteries, but there is a local law requiring a permit to be obtained from the board of appeals of the township which board acts for the welfare of the community. If such board acts arbitrarily or unreasonably in denying a permit, such as plaintiff seeks, its acts may be reviewed by higher authority. Certainly there is no evidence of a State policy or legislative enactment that would permit the plaintiff with unhampered right to locate wherever it might select a location, without regard to local zoning regulations enforced for the health and

safety of the residents of the community and for the promotion of the general welfare.

Taking up the point as to the constitutionality of the ordinance of 1945, questioned because it prohibits use of plaintiff's land as a cemetery except upon special application and consent of the board of appeals, plaintiff contends that no standards governing the administrative agency are set up. Lawmaking is a legislative function and where a legislative body acts, its discretion may be plenary. While the town board is a legislative body, it is contended that the board of appeals is not; that for this reason, while the town board may confer a measure of discretion upon such an agency, it must at the same time define the limits of that discretion and fix the rules or standards which govern its exercise. In default of such standards such an administrative agency has no power to act. (*Matter of Small* v. *Moss*, 279 N. Y. 288.) The reason for the added requirement that the legislative body set bounds and formulate standards which govern the exercise of discretion of the administrative agency, is to prevent unfair discrimination or other arbitrary action by the administrative officer. Where an over-all general policy by legislative enactment exists a delegation to an administrative officer of power to determine whether such policy will or will not be violated is permissible.

Section 261 of the Town Law provides that the town board is empowered by ordinance to enact zoning regulations and that '' Such regulations may provide that a board of appeals may determine * * * their application in harmony with their general purpose and intent '', which general purpose and intent is set out as being to promote the '' health, safety, morals, or the general welfare of the community ''. Section 29 of the zoning ordinance in question provides that the board of appeals shall perform its duties in the manner prescribed by section 267 of the Town Law. This section provides for minutes and records to be kept by the board in all matters before it and hearings to be held after notice given. A complete review of their acts may be had by an aggrieved party. It appears then that standards are set. (*Matter of Olp* v. *Town of Brighton*, 173 Misc. 1079, affd. 262 App. Div. 944.) The manner in which they must act, matters to be considered as the basis for their determination and a record of such action is necessary, all subject to review, indicates no unlawful delegation of legislative authority. (*Noyes* v. *Erie & Wyoming Farmers Co-op. Corp.*, 281 N. Y. 187, 194.)

The mere fact that application to and consent of the board of appeals is required for plaintiff to make use of its land for cemetery purposes, does not make the ordinance unconstitutional. (*People* v. *Calver Corp.*, 286 N. Y. 419.) Not until there has been application for a permit and unreasonable refusal to grant the same can an unlawful taking of plaintiff's property be said to have occurred.

This is not a case where certain standards have been set down by the legislative body and the administrative agency requires more than is so required as in the case of *Matter of Lyons* v. *Prince* (281 N. Y. 557). It is a case where a general policy has been laid down by town ordinance and an administrative agency is empowered to determine whether such policy will or will not be violated.

Plaintiff contends that the zoning ordinance adopted August 1, 1928, as amended November 9, 1936, did not specifically refer to use of lands for cemetery purposes or restrict such use except in the business use district; that plaintiff's lands were concededly in a residential class A district, and therefore, were not restricted. The State for the protection of public health may under the police power regulate and prohibit the use of land for burial purposes. (*Moritz* v. *United Brethrens Church*, 269 N. Y. 125, 133, and cases there cited.) It may delegate its power to the town board. (*Green Point Sav. Bank* v. *Zoning Appeals Board*, 281 N. Y. 534, 538.) This being the case, the act of the town board, namely, the enacting of ordinances and provisions thereof, must be read in the light of its expressed or apparent purpose in order to determine the meaning of the language used and to avoid thwarting the intent of the legislative body as expressed in that language. (*Westchester County S.P.C.A.* v. *Mengel*, 292 N. Y. 121, 126.) The 1928 enactment provided as follows: " In Class A residence district no * * * premises, shall be used * * * which is arranged, intended or designed to be used for other than one or more of the following uses ". A list of uses then follows, none of which includes use of land for cemetery purposes. Considering the fact that use of land for burial purposes may be regulated under the police power as a protection to public health, the purpose of the ordinances to promote the health and general welfare of the community, the language used, interpreted in light of the general purpose of the enactment, is sufficient to regulate or restrict the use of plaintiff's land for cemetery purposes in the locality where situate. In other words, no listing of uses prohibited need be set forth in detail in the ordinance to make them effective.

The point as to the existence of a nonconforming use prior to the enactment of the ordinance effective November 29, 1945, presupposes that such a nonconforming use was legally established. Since as pointed out, a nonconforming use did not lawfully exist, such point is not well taken. The defendant's contention that no " nonconforming " use had been made of the land for the reason that plaintiff had not actually interred bodies therein, makes too fine a distinction. The plaintiff having purchased the land under a permissive legislative enactment for the expressed and exclusive use of a cemetery or place for burial of the dead, held the land for that purpose and no other. It would not seem that actual burials need be made under such circumstances to evidence an intended nonconforming use.

The zoning ordinance of August 1, 1928, was repealed by the zoning ordinance of November 20, 1945 (§ 32), effective November 29, 1945. A saving clause (§ 33), however, preserves the validity of the earlier ordinance in respect of uses made of land. The later zoning ordinance is more specific as respects use and location of land for cemetery purposes, but plaintiff's contention that there is no ordinance which can affect the use intended of the land in question by it cannot be sustained.

This motion is made by the plaintiff for judgment on the pleadings, pursuant to the provisions of rule 112 of the Rules of Civil Practice. On such a motion judgment may be directed in favor of either party if entitled thereto. The complaint contains six separately numbered and stated causes of action, the sixth cause based on allegations that the zoning ordinance of the defendant is unconstitutional in its application to this plaintiff.

In accordance with the foregoing holdings in this decision, an order may be entered dismissing the causes of action separately stated and numbered from one to five, both inclusive; and denying the plaintiff's motion for judgment on the pleadings as to the sixth cause of action stated in the complaint.