I. Stanley Rosenthal J.
The defendant is charged in eight separate informations with violating subdivision D of section 105-3 of the Town of Hempstead Ordinances, in that it operated certain mechanical rides in violation of that section.
Chapter 105 of the Town of Hempstead Ordinances, as stated in section 105-1, was re-enacted to "protect the residents of the Town of Hempstead and the public at large from nuisances and hazards which result from the unregulated operation of bazaars, carnivals, circuses, fairs and other amusements of a similar type.” (Emphasis added.) The chapter provides licensing procedures for any "special event”, which is defined as "Any bazaar, carnival, circus, fair, freak show, pony track, rodeo or other amusement of like kind and nature.”
In addition to barring special events unless a license is first obtained, subdivision D of section 105-3 states: "Amusement rides are prohibited”. Amusement rides are defined in section 105-2 as "Any kind of machine, apparatus or device which is designed or used to propel, project or move a person through the air, along the ground or otherwise, and shall include a carousel, Ferris wheel, gravity steeplechase, scenic railway, parachute jump and other similar machinery customarily associated with amusements or carnivals.”
It is interesting to also examine subdivision E of section *893 105-3 which says: "Nothing contained in this chapter shall apply to the location and site of the Nassau County Veterans Memorial Coliseum or the conduct of any activity therein.” In other words any events held at the Coliseum are not subject to the ban on amusement rides.
The defendant here was duly issued a special event license as provided in chapter 105, for the purpose of operating the Long Island Cerebral Palsy Fair. In that connection, it operated certain amusement rides at the fair grounds, which were on land partially owned and partially leased by Hofstra University.
The critical issue, as this court sees it, is whether the defendant’s constitutional rights were violated by the absolute prohibition of the operation of amusement rides as contained in subdivision D of section 105-3 of the ordinance.
It is this court’s duty to determine the constitutionality of subdivision D, inasmuch as the validity of the legislative act is properly challenged here. This court must set aside any statute which clearly transcends the provisions of the United States Constitution. (See 8 NY Jur, Constitutional Law, § 43.)
This court is constrained to hold that the defendant’s constitutional right to run a legitimate business enterprise is violated by that section.
It is fundamental that the right to engage in a lawful business is within the protection of the due process guarantee. Therefore, a statute which results in depriving the owner of a lawful business from pursuing the same, is basically invalid. (See 9 NY Jur, Constitutional Law, § 359; Defiance Milk Prods. Co. v DuMond, 309 NY 537; Matter of Elite Dairy Prods. v Ten Eyck, 247 App Div 443, mod 271 NY 488; Matter of Hecht v Monaghan, 307 NY 461.)
The test as set down in Defiance (supra) is whether the legislative remedy was unreasonable and confiscatory. This court is of the opinion that the portion of the ordinance which arbitrarily prohibits amusement rides is confiscatory and unreasonable.
The court is well aware of the People’s argument that the justification for this provision lies in the exercise of the town’s police power for the protection of the public.
However, the court is unconvinced that in this case this absolute prohibition is a proper use of police power. The court recognizes a town’s right to provide for licensing, tests, etc., of *894 any equipment used by the public. There is no doubt in this court’s mind that if the ordinance made it mandatory to have the equipment inspected, even though it basically meets State specifications, that, too, could be tolerated. But, to completely bar somebody engaged in this business from doing so in the Town of Hempstead is not reasonable nor justifiable. (See People v Scott, 26 NY2d 286, 291, 292.)
The court is puzzled by another provision of the ordinance in question. Why, if the ordinance is meant to protect the public, does it exempt protection of the public and permit the use of amusement rides at the location of the Nassau County Veterans Memorial Coliseum by exempting that area from coverage by this ordinance? Certainly, by dint of numbers alone, the people who would visit the Coliseum would be many times those who visit a local church bazaar or palsy fair. It seems incongruous that the public should be protected outside of the Coliseum area but not within the Coliseum area, if that is the rationale behind the ordinance.
The rationale followed by Chief Judge Lehman in Good Humor Corp. v City of New York (290 NY 312) is certainly in point here. The court there was passing on a New York City local law which made it unlawful for any person to sell goods, wares or merchandise on any of the streets of the city, but, did not make the provisions of the section applicable to persons operating pushcart or other vehicle in an open-air market licensed by the Department of Markets, or operated by any veteran, blind person or other individuals. As the court stated, the local law had no reasonable relation to the public health and was not intended to protect articles of food from contamination. It had no reasonable relationship to peddling on the streets without a license. Similarly, in the case before us, a license can be obtained to run a bazaar, fair or the like but rides could not be operated even though they might meet with all safety tests and precautions.
As Judge Lehman so wisely put it in Good Humor (supra, p 321): "Contumacious disregard of the law and abuse of legal rights by some will justify curtailment of the legal rights of those who do not abuse them only where there is reasonable ground for a legislative finding that discrimination between the useful and the harmful is impractical.” No such justification is present here.
It is the duty of the court to scrutinize closely any curtailment of freedom in the framework of the relationship between *895 the individual and society. While the court does not question the motives of the town, subdivision D is palpably too broad and general and amounts to confiscation, which this court can not condone. (See Grossman v Baumgartner, 40 Misc 2d 221.)
Accordingly, this court finds subdivision D of section 105-3 unconstitutional, but the balance of the ordinance lawful. In view of this finding, the other technical objections urged by the defendant are academic.