Memorandum.
Order dismissing the informations is affirmed (see 82 Misc 2d 892).
The People appeal from an order dismissing, on constitutional grounds, a criminal action alleging that defendant violated subdivision D of section 105-3 of the Code of the Town of Hempstead (amusement rides prohibited). The case was submitted on an agreed statement of facts. There is no question that defendant operated amusement rides in violation of the statute’s prohibition.
Although it is our opinion that the State has not totally preempted the town from restricting the use of amusement rides (Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 255), it has done so in the area of personal injury (Robin v *257 Incorporated Vil. of Hempstead, 30 NY2d 347; Matter of Kress & Co. v Department of Health, 283 NY 55).
The reasonableness of the ordinance is a question of fact (Matter of Wulfsohn v Burden, 241 NY 288; Goldblatt v Hempstead, 369 US 590). In the case at bar, the ordinance prohibiting amusement rides when associated with special events is unreasonable. The municipality allows amusement rides, by permit, when not associated with special events. The distinction is unreasonable since the only possible reason for it rests upon safety grounds; an area pre-empted by the State (Labor Law, § 202-b; 12 NYCRR Part 45). Our holding today does not allow amusement rides to abound unchecked. Rather, the municipality, if it finds a legitimate reason may, on that occasion, prevent amusement rides from operating, by denying an application for a permit.
Concur: Glickman, P. J., Pittoni and Gagliardi, JJ.