HON. EDWARD D. COATES Acting Commissioner of Health, Department of Health
This is in response to your letter wherein you ask for my opinion whether or not a clinical laboratory located in the City of Long Beach could be required by that City to obtain a mercantile license without which it may not operate. You state that the laboratory in question presently holds a permit issued by the Department of Health of the State of New York.
Laws of 1964, chapter 217, section 1, effective April 1, 1964, as amended, added Title 5 to Article 5 of the Public Health Law relating to laboratory services. Section 570, contained in said Title 5, states a declaration of policy and statement of purpose in part as follows:
 "The proper performance of laboratory services is a matter of vital concern, affecting the public health, safety and welfare. * * * The protection of the people of this state requires affirmative action to insure that the performance of laboratory and blood banking services meet high standards of public health care.
 "It is the purpose of this title to promote the public health, safety and welfare by requiring the licensure of clinical laboratories and blood banks, by establishing minimum qualifications for laboratory directors, and by requiring that the performance of all procedures employed by clinical laboratories and blood banks shall meet minimum standards accepted and approved by the department." (Emphasis supplied.)
Public Health Law, § 572 (1) and (2), contained in said Article 5, provide that no person shall act as a laboratory director of a laboratory located outside of the City of New York or of a laboratory located within the City of New York unless a certificate of qualification has been provided him by the Department of Health of the State of New York or by the Health Services Administration of the City of New York respectively.
Public Health Law, § 574 (1) and (2), proscribe the operation of a clinical laboratory or blood bank outside of the City of New York or within the City of New York unless a valid laboratory permit has been issued by the Department of Health of the State of New York or by the Health Services Administration of the City of New York respectively.
Public Health Law, § 573 (1), mandates that the Public Health Council shall prescribe minimum qualification for laboratory directors in microbiology, serology, chemistry, hematology, biophysics, cytology or pathology.
Public Health Law, §§ 576 and 577, grant the Department of Health of the State of New York the powers of supervision and enforcement of the law and rules and regulations relating to such laboratories.
Public Health Law, § 578, prescribes penalties for a person who owns and operates a laboratory or acts as a laboratory director who does not hold a laboratory permit issued by the Department of Health of the State of New York or under the provisions of the New York City Health Code.
Public Health Law, § 580 (3), provides:
 "3. Nothing in this title shall be construed to impair or affect the power or authority of the city of New York or a department or agency thereof, to enact and enforce additional regulations and standards which are more restrictive than those provided in this title or in any rule, regulation or standard promulgated hereunder."
10 NYCRR Subpart 58-1 provides a comprehensive design to regulate clinical laboratories to assure that they perform tests on patient specimens competently and in accordance with accepted laboratory standards.
In Robin v. Incorporated Village of Hempstead, 38 A.D.2d 758
(2d Dept., 1972), affd. 30 N.Y.2d 347, the Court held that a village or other municipality lacks authority to deal with the matter of abortion unless such municipality is specifically empowered to do so in terms clear and explicit. Chief Judge Fuld speaking for the Court stated:
 "* * * the State's purpose and design to preempt the subject of abortion legislation and occupy the entire field so as to prohibit additional regulation by local authorities in the same area. (See e.g., Good Humor Corp. v. City of New York, 290 N.Y. 312, 316-317; People v. Lewis, 295 N.Y. 42, 51; Wholesale Laundry Bd. of Trade v. City of New York, 17 A.D.2d 327, 330, affd. 12 N.Y.2d 998; Kim
v. Town of Orangetown, 66 Misc.2d 364, 370-371.)
 "Such State policy being expressed, a village or other municipality lacks authority to deal with the matter `"unless it is specifically empowered so to do in terms clear and explicit."' (Matter of Kress Co. v. Department of Health, 283 N.Y. 55, 60; Jewish Consumptives' Relief Soc. v. Town of Woodbury, 230 App. Div. 228, 234, affd. 256 N Y 619; see Kim v. Town of Orangetown, 66 Misc.2d 364, 372, supra.) As is manifest, no such clear and explicit authority exists in the case before us."
From all of the foregoing, I conclude that the licensing of clinical laboratories has been preempted by the State of New York except for those provisions relating specifically to the City of New York; and the City of Long Beach has no authority to require a clinical laboratory, located in that City, to obtain a mercantile license in order to operate.