HON. RAYMOND F. LOUCKS County Attorney, Schenectady County
This is in response to the letter of George A. Maksail, Deputy County Attorney, received on February 7, 1977, wherein he requests an opinion of the Attorney General as to whether or not the Charter of the County of Schenectady may be amended by local law whereby the duties of the Board of Managers of the Schenectady County Hospital would be limited to act solely in an advisory capacity to the County Manager regarding the overall operation of the Hospital rather than have the Board of Managers operate the Hospital themselves.
The opinion request points out that presently the County operates the Hospital as a public general hospital under provisions of General Municipal Law, Article 6 and that the Hospital had previously been operated as a tuberculosis hospital under provisions of County Law, Article 7 until its accreditation as a public general hospital after the enactment of the Schenectady County Charter. (Said Charter became effective pursuant to Schenectady County Local Law No. 1 of 1965 which became a law November 2, 1965 with the approval of the qualified electors of the County of Schenectady.)
Schenectady County Charter, § 14.01, provides, as follows:
 "Schenectady county hospital facilities, except those under the supervision of the county department of social welfare as provided in article XIII of this charter, shall be administered and maintained under the supervision of a board of managers. The board of managers shall be appointed by the county manager, subject to confirmation by the board of representatives, in manner and number according to the administrative code." (Emphasis supplied.)
General Municipal Law, § 126, contained in Article 6 thereof, authorizes the governing board of any county, town, city or village to determine by resolution that there be in the respective municipalities a public general hospital and prescribes the procedures to be followed to establish such. General Municipal Law, § 127, provides for the appointment and terms of office of a board of managers of a public general hospital.
General Municipal Law, § 128, provides, in part:
"The board of managers shall:
 "1. Elect from among its members annually a president, a vice-president, and a secretary. It shall appoint a superintendent of the hospital, who shall not be a member of the board of managers, and who shall hold office at the pleasure of said board.
 "2. Erect all necessary buildings; make all necessary improvements and repairs and alter any existing buildings, for the use of said hospital, provided that all expenditures for new buildings or alterations, other than ordinary repairs, shall first be authorized by the governing board of the county, town, city or village and the plans therefor approved by the state board of charities.
* * *
 "5. Have the general superintendence, management and control of the said hospital and of the grounds, buildings, officers, employees and inmates thereof * * *.
* * *
 "8. Notwithstanding the provisions of any other general law, and subject to such rules and regulations as the governing board may prescribe, audit all bills and accounts payable out of funds within its jurisdiction and order their payment by the fiscal officer of the county, town, city or village. * * *
 "9. Make to the governing board of the county, town, city or village by which the hospital is maintained, at such times as said board shall direct, a detailed annual report of the operations of the hospital, the number of patients received, the methods and results of their treatment, and such other matters as may be required of them. * * *" (Emphasis supplied.)
General Municipal Law, § 129, prescribes in great detail the powers and duties of the superintendent.
General Municipal Law, § 134 (added Laws 1910, chapter 558; amended Laws 1922, chapter 265), provides:
 "Whenever a county, town, city or village has, previous to the passage of this act, established a public general hospital, the governing board of said county, town, city or village may by resolution provide that thereafter such hospital shall be controlled and maintained in accordance with the provisions of this act. Any public general hospital which may hereafter be established by any governing board of any county, town, city or village shall be subject to all the provisions of sections one hundred and twenty-six to one hundred and thirty-four, inclusive, of this chapter." (Emphasis supplied.)
In Robin v. Incorporated Village of Hempstead, 38 A.D.2d 758 (2d Dept., 1972), affd. 30 N.Y.2d 347, the Court held that a village or other municipality lacks authority to deal with the matter of abortion unless such municipality is specifically empowered to do so in terms clear and explicit. Chief Judge Fuld speaking for the Court stated:
 "* * * the State's purpose and design to preempt the subject of abortion legislation and occupy the entire field so as to prohibit additional regulation by local authorities in the same area. (See, e.g., Good Humor Corp. v. City of New York, 290 N.Y. 312, 316-317; People v. Lewis, 295 N.Y. 42, 51; Wholesale Laundry Bd. of Trade v. City of New York, 17 A.D.2d 327, 330, affd. 12 N.Y.2d 998; Kim v. Town of Orangetown, 66 Misc.2d 364, 370-371.)
 "Such State policy being expressed, a village or other municipality lacks authority to deal with the matter `"unless it is specifically empowered so to do in terms clear and explicit." `(Matter of Kress Co. v. Department of Health, 283 N.Y. 55, 60; Jewish Consumptives' Relief Soc. v. Town of Woodbury, 230 App. Div. 228, 234, affd. 256 N Y 619; see Kim v. Town of Orangetown, 66 Misc.2d 364, 372, supra.) As is manifest, no such clear and explicit authority exists in the case before us." The field of public general hospitals has been covered in great detail in General Municipal Law, Article 6. That fact, together with the language of section 134 contained in said Article and the holding of Robin v. Incorporated Village of Hempstead, supra, leads to the conclusion that the subject of public general hospitals has been preempted by the State of New York and a municipality is prohibited from legislating in that field. We are aware of General Municipal Law, § 129-a, which provides:
 "In the county of Erie, the county executive when authorized by the charter may appoint the county hospital superintendent and the county hospital board of managers for terms as are specified in such charter. Such charter may provide that the powers of such board of managers may be advisory only in which event the powers now granted by statute to such board shall be vested in the superintendent."
However, absent such enabling act of the State Legislature, we conclude that the County of Schenectady is not authorized to enact a local law to provide that the duties of the Board of Managers of the Schenectady County Hospital would be limited to act solely in an advisory capacity to the County Manager regarding the overall operation of the Hospital.