OPINION OF THE COURT
Marie-Louise S. Nickerson, J.
Defendant was charged on June 24, 1977 with "operating a merry go round, miniature cars and a centrifical force ride without a special use permit” in violation of section 3-2 of the Code of Ordinances of the Town of Oyster Bay.
That section reads as follows: "It shall be unlawful for any person to sponsor, install, operate, harbor or otherwise participate in the installation or erection of any amusement ride in the Town of Oyster Bay unless such amusement ride is a permanent use of property authorized by the town board as a special exception or special use pursuant to the building zone ordinance of the Town of Oyster Bay (Ord. of 8/27/74).”
*659 The matter was submitted to the court on an agreed statement of facts in which defendant admits that he "conducted and operated amusement rides in connection with a church carnival without a special use permit * * * and that * * * the amusement rides were being conducted and operated by the defendant on certain land and premises owned by the Holy Family Church.”
Defendant Newton entered a plea of not guilty, alleging by way of defense that section 3-2 of the Code of Ordinances violated his constitutional rights and is thus void and unenforceable.
He argues that he is completely barred from conducting his business, a lawful one, because the ordinance provides only for operating permanently installed amusement rides and prohibits absolutely the operation of temporary ones.
The People maintain that there is no "absolute prohibition of lawful enterprise” because no licensing procedure is involved. What is required, People point out, is a special use permit which concerns "particular land and not particular people”, and it confers no privilege on a particular person to do something he could not otherwise do.
The use permit required here is limited to permanent installations. As a practical matter it could never apply to a temporary installation such as that of defendant’s because a use permit issued pursuant to building zone ordinances is granted or denied only after notice, hearing and all the other safeguards required in a zoning change.
There is, then, in this situation, an absolute prohibition of a lawful enterprise.
The People correctly contend that in this and other matters "which might have some effect on interstate commerce”, the Town of Oyster Bay may legislate to preserve the public peace and quiet of the community and preserve the public welfare and morals. This is a clearly established interest of a local government.
That government may not, however, unreasonably exercise those powers so as to violate the right of an individual to conduct a lawful business. (Defiance Milk Prods. Co. v Du Mond, 309 NY 537.) And before there is any such interference with that right, the public interest must require it. (Lawton v Steele, 152 US 133.)
The question in the case before the court is whether or not *660 the Town of Oyster Bay, having legislated to preserve the public peace and welfare, did so reasonably, or were arbitrary and discriminatory restrictions imposed on defendant and others similarly situated which have no reasonable relation to the public welfare.
The restriction appears to the court as having no real or substantial relation to public health, safety or welfare. Permanent operations are permitted, temporary ones are not.
In People v South Shore Amusements (82 Misc 2d 892, affd 87 Mise 2d 256) this court held as an unconstitutional use of police power, a Town of Hempstead ordinance which provided for licensing of "special events” such as bazaars, carnivals, fairs, rodeos "or other amusement of like kind and nature”, but which prohibited amusement rides, defined as "any kind of machine * * * carousel, Ferris wheel * * * customarily associated with amusements or carnivals.” Judge I. Stanley Rosenthal found (supra, p 894) that it "is not reasonable nor justifiable * * * to completely bar somebody engaged in this business”.
This court finds section 3-2 of chapter 3 of article I of the Code of Ordinances of the Town of Oyster Bay unconstitutional. Defendant is not guilty by reason of his finding and the charge against him is dismissed.