Hon. Marvin I. Honig County Attorney, Rensselaer County
This is in response to your letter wherein you enclose a copy of a proposed local law and ask whether the County of Rensselaer has the legal authority to enact such legislation. The local law, entitled "Providing For Rules And Regulations Concerning Abortion," would require each female, prior to the abortion, inter alia: to certify her informed consent in writing; to engage in "medical counseling"; and, if the female is under 18 and not married, to either notify her parent or guardian of the proposed abortion, or to obtain a written "waiver of notice" from either the parent or guardian or a Supreme Court Justice. The above requirements could be waived only when the attending physician certifies that a "medical emergency" exists. The law further provides for a fine and civil penalty for the willful violation of its provisions.
In 1970 the State amended the Penal Law (L 1970, ch 127) to provide that:
 "[a]n abortional act is justifiable when committed upon a female with her consent by a duly licensed physician acting (a) under a reasonable belief that such is necessary to preserve her life, or, (b) within twenty-four weeks from the commencement of her pregnancy * * *" (Penal Law, § 125.05 [3].)
Subsequently, legislation has been enacted dealing with various aspects of abortion, including confidentiality of medical records (Public Health Law, § 17) and health and safety of the mother and viable child (Public Health Law, § 4164; Executive Law, §291 [3]).
Despite these State statutes, there have been previous attempts to legislate abortions at the local level. The Court of Appeals had its first opportunity to address this issue in Robin v Incorporated Villageof Hempstead, 30 N.Y.2d 347 [1972], wherein Chief Judge Fuld stated (at p 350) that "[t]here can be no doubt that the State has reserved to itself regulation of the practice of medicine in general and of the performance of abortions in particular." Robin dealt with a local law which attempted to limit the performance of abortions to hospitals. After discussing the State's policy to regulate medicine and related services and the legislative scheme of abortion laws, Chief Judge Fuld explained that this:
 "* * * demonstrates the State's purpose and design to pre-empt the subject of abortion legislation and occupy the entire field so as to prohibit additional regulation by local authorities in the same area. (See, e.g., Good Humor Corp. v. City of New York, 290 N.Y. 312, 316-317; People v. Lewis, 295 N Y 42, 51; Wholesale Laundry Bd. of Trade v. City of New York, 17 A.D.2d 327, 330, affd. 12 N.Y.2d 998; Kim v. Town of Orangetown, 66 Misc.2d 364, 370-371.)
 "Such State policy being expressed, a village or other municipality lacks authority to deal with the matter `"unless it is specifically empowered so to do in terms clear and explicit."' (Matter of Kress Co. v. Department of Health, 283 N.Y. 55, 60; Jewish Consumptives' Relief Soc. v. Town of Woodbury, 230 App. Div. 228, 234, affd. 256 N Y 619; see Kim v. Town of Orangetown, 66 Misc.2d 364, 372, supra.) As is manifest, no such clear and explicit authority exists in the case before us." (30 N Y 2d at pp 350-351.)
The Court went on to hold that the Village lacked the power to enact the ordinance.
It would seem equally manifest that the County of Rensselaer has no clear or explicit authority to enact the proposed legislation. There are no special conditions in Rensselaer, as opposed to the rest of the State, which would warrant local interference with a matter of Statewide concern.
Accordingly, we conclude that legislation on the subject of abortion has been preempted by the State of New York and the County of Rensselaer has no authority to enact rules or regulations concerning abortions.