Hon. Dennis V. Tobolski County Attorney, Cattaraugus County
This is in reply to your letter of May 31, 1979 in which you seek this office's opinion as to the validity of a recent amendment to the County Health Code which provides that "dogs six months or over must have a rabies vaccination certificate before they can be licensed". You further state that prior to the enactment of the aforesaid amendment, the designation of Cattaraugus County as a rabies county under section2145 of the Public Health Law was "lifted" by the State Commissioner of Health. This apparently occurred due to the fact that there had been no cases of dog rabies in the county in the past several years.
It is the opinion of this office that the recent amendment to your County Health Code, which provides that dogs six months or over must have a rabies vaccination certificate before they can be licensed, is null and void. See, Matter of Wickham v Newkirk, 303 N.Y.S.2d 919. The Court stated as follows:
 "[1,2] Section 109-a of the Agriculture and Markets Law provides, `In the event that the commissioner of health shall have issued an order pursuant to the provisions of subdivision one-a of section twenty-one hundred forty-five of the public health law requiring all dogs in a county six months of age or over to be vaccinated to prevent rabies, the clerk at the time of issuing the license, shall require the applicant to present a certificate * * * showing that the dog has been vaccinated to prevent rabies * * *.' No such order has been issued by the State Commissioner of Health for Ulster County. In the absence of a requirement in the general law that all dogs be certified as having been vaccinated against rabies, the local law is a nullity and void. All that the Town Clerk can require is set forth in section 109 of the Agriculture and Markets Law. See Matter of Kress and Co. v. Dept. of Health, 283 N.Y. 55, 60, 27 N.E.2d 431, 432, 433."
However, the authority of a local health officer and of a local board of health as to the prevention and suppression of rabies is not limited to counties in which the Commissioner of Health has certified that rabies exists. The State Sanitary Code classifies rabies as a communicable disease (State San Code ch II Reg 1) and distinguishes between counties which have been certified and counties which have not been certified, as to the powers and duties of the local health officer (ch II Reg 5).
In all counties, the local health officer must cause the head of a destroyed animal that had or is suspected of having had rabies to be sent to a laboratory for analysis. The cost of isolation is to be borne by the owner of the dog. All other costs are to be borne by the health district (State San Code ch II Reg 5).
In any county, the local health officer can cause the confinement and destruction of dogs which have bitten people, if he suspects rabies. A dog which is attacking a human can be destroyed on the spot (Agriculture and Markets Law, § 116).
The powers conferred upon local boards of health and local health officers by the Public Health Law §§ 308 (a), 324 (1) (e) are broad enough to authorize such preventive measures as vaccination of dogs which are molesting humans in the health district (Steinberg v Stebbins,269 App. Div. 910, 56 N.Y.S.2d 453 [1945]). (See, Comptroller's Opinion #57-649, dated July 30, 1957.)