THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
ROY O. SAMPSELL, Respondent.

Municipal corporations — Dunkirk (city of) — streets — railroads — validity of city ordinance prohibiting blocking of railroad crossing by train for more than three minutes — insufficiency of evidence to warrant conviction for violation of ordinance.

1. Section 3 of chapter 5 of the Dunkirk City Ordinances, which prohibits the blocking of street railroad crossings by trains for more than three minutes, is valid, and is not rendered unlawful by section 1985 of the Penal Law.

2. The evidence upon the trial of defendant charged with violating such ordinance examined and held insufficient to establish that the locomotive was intentionally suffered to remain standing upon the crossing.

*People* v. *Sampsell*, Chautauqua Co. Ct., Nov. 4, 1927, affirmed.

(Argued April 4, 1928; decided May 1, 1928.)

APPEAL, by permission, from a judgment of the Chautauqua County Court, entered November 4, 1927, which reversed a judgment of the Municipal Court of the city of Dunkirk convicting the defendant of violating section 3 of chapter 5 of the Dunkirk city ordinances which prohibits the blocking of street railroad crossings by trains for more than three minutes.

*Glenn W. Woodin, District Attorney,* for appellant.   The provisions of section 3 of chapter 5 of the Dunkirk city ordinances are not in contravention of section 1985 of the Penal Law of the State of New York or any other statute. (Bishop on Statutory Crimes, §§ 20, 23; *Polinsky* v. *People,* 11 Hun, 390; 73 N. Y. 65; *Roger* v. *Jones,* 1 Wend. 237; *Rhode Island* v. *Palmer,* 253 U. S. 350; *Safee* v. *Buffalo,* 204 App. Div. 561.)   Section 3 of article 5 of the Dunkirk city ordinances is not an unreasonable and improper exercise of power under the general powers

given to the city of Dunkirk by chapter 538 of the Laws of 1909 and the other applicable statutes of this State. (*Safee* v. *Buffalo*, 204 App. Div. 561; *People ex rel. Ogden* v. *McGowan*, 118 Misc. Rep. 828; *Cronin* v. *People*, 82 N. Y. 318; *Kurt* v. *L. S. & M. S. R. Co.*, 127 App. Div. 838; 194 N. Y. 598; *Penn. R. R. Co.* v. *Jersey City*, 47 N. J. L. 286; *Long* v. *Jersey City*, 37 N. J. L. 348; *Birmingham* v. *Ala. R. R. Co.*, 98 Ala. 134; *Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *Commissioners* v. *Lent*, 240 N. Y. 1; *People* v. *Persee*, 204 N. Y. 397; *People ex rel. Hegeman* v. *Corrigan*, 195 N. Y. 1; *People* v. *Abeel*, 182 N. Y. 415; *People* v. *Wernes*, 174 N. Y. 132; *People* v. *D'Antonio*, 150 App. Div. 109; *People* v. *Friedman*, 138 App. Div. 29; *Sturges Co.* v. *Beauchamp*, 231 U. S. 320.)

*Edmund S. Brown* and *Harold J. Adams* for respondent. The provisions of section 3 of chapter 5 of the Dunkirk city ordinances are in contravention of section 1985 of the Penal Law of the State of New York and other statutes. (*People* v. *Harrison*, 238 N. Y. 348; *Anderson* v. *How*, 116 N. Y. 336; *Burns* v. *Delaware & Hudson Co.*, 116 App. Div. 111; *People* v. *Potter*, 112 N. Y. Supp. 298; *People* v. *Gillies*, 57 Misc. Rep. 568; *McMorris* v. *Howell*, 89 App. Div. 272.) Section 3 of article 5 of the city of Dunkirk ordinances is an unreasonable and improper exercise of power under the general powers given to the city of Dunkirk by chapter 538 of the Laws of 1909 and other applicable statutes of this State. (*People* v. *Gilbert*, 68 Misc. Rep. 48; Dillon on Municipal Corporations, § 368; Cooley, Constitutional Limitations [7th ed.], 279; *Mayor, etc.*, v. *Hussey*, 21 Ga. 80; *Penn. R. R. Co.* v. *Jersey City*, 47 N. J. L. 286; *Long* v. *Jersey City*, 37 N. J. L. 348; *Birmingham* v. *Ala. R. R. Co.*, 13 So. Rep. 141.)

*Per Curiam*. We hold that the ordinance of the city of Dunkirk (Dunkirk City Ordinances, chap. 5, § 3) is valid,

and is not rendered unlawful by Penal Law, section 1985.

We think, however, that the evidence fails to establish that the locomotive was intentionally suffered·to remain standing upon the crossing.

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur; O'BRIEN, J., not sitting.

Judgment affirmed.