THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE H. LEWIS, Appellant.

Argued October 26, 1945; decided December 6, 1945.

*Herman S. Wolfman* and *Meyer Chazanov* for appellant. I. Section U41–5.0 of the Administrative Code of the City of New York is illegal and void in that the city lacked the power and authority to enact same. (*Scott* v. *Village of Saratoga Springs,* 131 App. Div. 347, 199 N. Y. 178; *Adler* v. *Deegan,* 251 N. Y. 467; *Matter of Holland* v. *Bankson,* 290 N. Y. 267; *Great Atlantic & Pacific Tea Co.* v. *City of New York,* 173 Misc. 470; *People* v. *Gorman,* 133 Misc. 161; *County Securities* v. *Seacord,* 278 N. Y. 34.) II. Section U41–5.0 is illegal and void in that it is inconsistent with and amends or supersedes a general State statute (New York State War Emergency Act; L. 1942, ch. 445, as amd.). (*People* v. *Lyon,* 99 N. Y. 210; *People ex rel. Pierce* v. *Howe,* 128 Misc. 31, 218 App. Div. 273; Penal Law, § 2; *People* v. *Olyla,* 183 Misc. 920; *Village of Fleischmanns* v. *Hyman,* 164 Misc. 175; *People* v. *Sell,* 310 Mich. 305.)

*Edward Lazansky, Ralph Stout* and *Sidney Schwartz* for Butter & Egg Merchants Association, Inc., *amicus curiæ,* in support of appellant's position. I. Local Law No. 35 is unconstitutional in that it invades a field of legislation fully occupied by the New York State War Emergency Act. (*People* v. *Gorman,* 133 Misc. 161; *Matter of Kress & Co.* v. *Dept. of Health,* 283 N. Y. 55; *People* v. *County of Westchester,* 282 N. Y. 224; *Jewish Consumptives' Relief Society* v. *Town of Woodbury,* 230 App. Div. 228, 256 N. Y. 619; *Village of Fleischmanns* v. *Hyman,* 164 Misc. 175; *People ex rel. Elkind* v. *Rosenblum,* 184 Misc. 916; *People ex rel. Kieley* v. *Lent,* 166 App. Div. 550, 215 N. Y. 626; *Matter of Polsky* v. *Walsh,* 220 App. Div. 559.)

II. Local Law No. 35 is unconstitutional, in that it is inconsistent with the New York State War Emergency Act. (*Mayor* v. *Nicholls*, 4 Hill 409; *De Stasio* v. *Janssen Dairy Corp.*, 279 N. Y. 501; *City of Buffalo* v. *Neubeck*, 209 App. Div. 386.)

*George Trask* and *Samuel Morganroth* for New York State Association of Retail Meat Dealers, Inc., *amicus curiæ*, in support of appellant's position. I. All legislative power remains in the State legislature, except insofar as it has been limited or surrendered. The City Home Rule Law does not surrender to cities the power to legislate in affairs of State concern, and matters of contract are exclusively affairs of State concern. As applied to the fixing of ceiling prices, the State recognized and asserted its power by the enactment of the State War Emergency Act, pursuant to which ceiling prices are fixed, and by which penalties for violations are imposed. There is, accordingly, no power in the city to fix ceiling prices, and to fix penalties for the charging of higher ones. (*Adler* v. *Deegan*, 251 N. Y. 467; *Tenement House Dept.* v. *Moeschen*, 179 N. Y. 325; *Gennis* v. *Milano*, 135 Misc. 209; *Home Bldg. & L. Assn.* v. *Blaisdell*, 290 U. S. 398.) II. The local law is, in several material respects, inconsistent with the State statute on the same subject, and, in effect, changes and supersedes the State statute. Even if the city had power to legislate in the field, it would have no power to enact such legislation. (*Matter of Cooley* v. *Wilder*, 234 App. Div. 256; *People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190; *Adler* v. *Deegan*, 251 N. Y. 491; *People* v. *Olyla*, 183 Misc. 920; *Village of Fleischmanns* v. *Hyman*, 164 Misc. 175; *State* v. *Paille*, 90 N. H. 347; *Ex Parte McHenry*, 51 Tex. Crim. App. 564; *Ex Parte Farley*, 65 Tex. Crim. App. 405; *Schroder* v. *City Council*, 3 Brev. [S. C.] 533; *State* v. *Dannehberg*, 150 N. C. 799; *Pipoly* v. *Benson*, 20 Cal. 2d 366.)

*Ignatius M. Wilkinson*, Corporation Counsel (*Charles C. Weinstein, James Hall Prothero* and *Sylvan H. Elias* of counsel), for respondent. I. The challenged law was validly adopted. The municipal legislative body had power to enact Local Law 35 of 1945. (New York City Charter, §§ 21, 27.) II. The City Home Rule Law intended municipal legislative bodies to possess power to enact laws such as Local Law No. 35 of 1945. (City Home Rule Law, §§ 11, 30, 31; N. Y. Const., art. IX, § 12;

*City of New York* v. *Village of Lawrence,* 250 N. Y. 429.) III. A local law, passed in accordance with authority granted by the State legislature, is, when its constitutionality is challenged, to be judged by the same standards as an act of the Legislature itself. (*Matter of Mooney* v. *Cohen,* 272 N. Y. 33; *Matter of Atlas Television Co.,* 273 N. Y. 51; *Matter of Brown Printing Co.,* 285 N. Y. 47; *New Orleans Water Works* v. *New Orleans,* 164 U. S. 471.) IV. The challenged local law is a valid exercise of the city's police power. (*Reinman* v. *City of Little Rock,* 237 U. S. 171; *Williams* v. *Mayor,* 289 U. S. 36; *Village of Carthage* v. *Frederick,* 122 N. Y. 268; *City of Rochester* v. *Macauley-Fien M. Co.,* 199 N. Y. 207; 3 McQuillin on Municipal Corporations [2d ed. rev.], § 942; *People* v. *Sell,* 310 Mich. 305; *People ex rel. Durham R. Corp.* v. *La Fetra,* 230 N. Y. 429; *Matter of People* [*Tit. & Mtge. Guar. Co.*], 264 N. Y. 69. V. The challenged law is not inconsistent with the New York State War Emergency Act, even though different penalties are provided, nor does it discriminate against persons engaged in business as wholesalers. The constitutionality of the law, as declared by the Court of Special Sessions, should be confirmed on this appeal. (*People* v. *Mailman,* 182 Misc. 870, 293 N. Y. 887; 3 McQuillin on Municipal Corporations [2 ed. rev.], § 942; *Rogers* v. *Jones,* 1 Wend. 237; *Wood* v. *City of Brooklyn,* 14 Barb. 425; *City of Brooklyn* v. *Toynbee,* 31 Barb. 282; *City of New York* v. *Marco,* 58 Misc. 225; *People* v. *Steinhardt,* 215 App. Div. 724, 245 N. Y. 553; *Gilbert* v. *Minnesota,* 254 U. S. 325; *People* v. *Sampsell,* 248 N. Y. 157; *Matter of Oltarsh* v. *Levy,* 266 N. Y. 523; *Rosenthal* v. *New York,* 197 N. Y. 394, 226 U. S. 260; *People* v. *Lookstein,* 78 Misc. 306; *Matter of McKinney* v. *Hamilton,* 282 N. Y. 393.)

*George Moncharsh, David London, Werner Ilsen, John D. Masterson, Isaac D. Sorgen* and *Samuel Mermin* for Chester Bowles, Price Administrator, *amicus curiæ,* in support of respondent's position. I. The local law is a valid exercise of the police power of the home-rule City of New York in an emergency. (N. Y. Const., art. IX, § 12; City Home Rule Law, art. 2, § 11; New York City Charter, § 27; *Levy Leasing Co.* v. *Siegel,* 230 N. Y. 634, 258 U. S. 242; *Marcus Brown*

*Co.* v. *Feldman,* 256 U. S. 170; *Matter of People of New York [Tit. & Mtge. Guar. Co.],* 264 N. Y. 69; *Howard* v. *City of New York,* 199 App. Div. 596, 236 N. Y. 91; *People* v. *Moynihan,* 121 Misc. 34; *Hecht Co.* v. *Bowles,* 321 U. S. 321; *People ex rel. Doscher* v. *Sisson,* 180 App. Div. 464, 222 N. Y. 387; *State* v. *Holm,* 139 Minn. 267; *Tyson & Brother* v. *Banton,* 273 U. S. 418; *Nebbia* v. *New York,* 291 U. S. 502; *Village of Carthage* v. *Frederick,* 122 N. Y. 268; *City of Rochester* v. *Macauley-Fien M. Co.,* 199 N. Y. 207; *People* v. *Mailman,* 182 Misc. 870, 293 N. Y. 887; *People* v. *Sell,* 17 Mich. 193.) II. The local law is not invalidly discriminatory. (*Yakus* v. *United States,* 321 U. S. 414; *Rosenthal* v. *New York,* 197 N. Y. 394, 226 U. S. 260.) III. The local law is not rendered invalid by virtue of the provisions of State law or of the State War Council's resolution. (*Adler* v. *Deegan,* 251 N. Y. 467; *Matter of Kress & Co.* v. *Dept. of Health,* 283 N. Y. 55; *Rossberg* v. *State,* 111 Md. 394; *Village of Struthers* v. *Sokol,* 108 Ohio St. 263; *City of Owosso* v. *Michigan Central R. R.,* 183 Mich. 688; *Rogers* v. *Jones,* 1 Wend. 237; *Wood* v. *City of Brooklyn,* 14 Barb. 425; *City of Brooklyn* v. *Toynbee,* 31 Barb. 282; *City of New York* v. *Marco,* 58 Misc. 225; *People* v. *Stewart,* 47 N. Y. S. 2d 349; *People* v. *Mailman,* 293 N. Y. 887; *People* v. *Sell,* 17 Mich. 193; *People* v. *Steinhardt,* 215 App. Div. 724, 245 N. Y. 553; *People* v. *Sampsell,* 248 N. Y. 157; *Matter of Oltarsh* v. *Levy,* 152 Misc. 674, 266 N. Y. 523; *Dollar Co.* v. *Canadian C. & F. Co.,* 220 N. Y. 270.)

THACHER, J. Pursuant to a certificate granted by the Chief Judge of this court, defendant appeals from a judgment of the Court of Special Sessions of the City of New York affirming a judgment of the City Magistrate's Court convicting him of violating section U41-5.0 of the Administrative Code of the City of New York as enacted by Local Law No. 35 of 1945 of that city.

By information defendant was charged with " wilfully and unlawfully " selling and delivering a number of chickens for a price in excess of the ceiling price fixed by the Price Administrator pursuant to the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*).

At the opening of the trial defendant's counsel moved to dismiss the complaint " on the ground that the law involved is unconstitutional." Decision upon this motion was reserved and an invoice evidencing the sale was received in evidence together with a formal stipulation of facts signed by the defendant reciting the transaction. Thereupon, both sides having rested, the motion to dismiss was renewed and denied. The defendant was found guilty " as charged " and sentenced " to $50 or ten days, and an additional ten days ".

The Constitution of the State (art. IX, § 12), the City Home Rule Law (§ 11, subd. 2) and the New York City Charter (§ 27) have conferred upon the City Council broad legislative power to provide by local law for the preservation and promotion of the health, safety and general welfare of its inhabitants. If such laws have substantial relation to matters over which legislative power is vested in the local legislative body of the city and are not inconsistent with laws of the State, they are valid (*Good Humor Corp.* v. *City of New York*, 290 N. Y. 312).

The purpose of the local law is declared in the enactment as follows:

" *Be it enacted by the Council as follows:*

" Section 1. It is hereby declared that the proper allocation of commodities needed for the effective prosecution of the war, the defense of the United States and for civilian supply and the stabilization of commodity prices and the rents of housing and hotel accommodations are necessary for the protection of the health, safety and general welfare of the inhabitants of the city of New York. The United States of America through congress has enacted legislation and acting through the office of price administration and other agencies has issued directives, orders, regulations and price schedules which are designed to effect such equitable distribution of commodities and stabilization of prices and rents. That the health, safety and welfare of the inhabitants of the city of New York is likely to be seriously affected by the establishment and continuance of black market practices. It is hereby declared to be the policy of this city in order to assure fair dealing and the prevention and elimination of black markets to cooperate with the price, rationing and rent control programs of the government of the United States of America."

Section 2 adds a new section — U41–5.0 — to the Administrative Code of the City of New York, which imposes penalties upon wholesalers, jobbers, manufacturers, distributors and middlemen for violations of the Federal Price Administrator's regulations, including sales of commodities above ceiling prices fixed by his authority.

There can be no doubt that such a law is within the field of legislative power of the city as defined in the provisions of the Constitution, the City Home Rule Law and the New York City Charter unless it is inconsistent with the laws of the State. The only suggestions of inconsistency are predicated upon the imposition of penalties, for violations of the Price Administrator's regulations, in excess of those imposed by the New York State War Emergency Act, section 102, and the assertion disputed by the city that the local law punishes violations and infractions which are not willful although the State law does not.

The maximum penalty imposed by the State statute — which we held valid in *People* v. *Mailman* (293 N. Y. 887) — is a $25 fine and five days in jail, whereas under the local law such violations may be punished by a larger fine, longer imprisonment and other penalties such as forfeiture of licenses, if any, issued by the city. But this difference in penalty does not invalidate the local law (*Rogers* v. *Jones,* 1 Wend. 237, 261; *Wood* v. *City of Brooklyn,* 14 Barb. 425, 429; *City of Brooklyn* v. *Toynbee,* 31 Barb. 282, 284). For authorities from other States, see 3 McQuillin on Municipal Corporations (2d ed. rev.), section 924.

It is true that the local law is not in terms limited to willful violations, but the defendant was convicted of a willful violation and his written stipulation forecloses contention that he unwittingly sold at prices in excess of ceiling prices. Consequently he is in no position to question the constitutionality of the local law on this ground. But the omission of the word " wilfully " is of no legal significance and does not render the local law invalid. See *People* v. *Sampsell* (248 N. Y. 157) where we dealt with a similar difference between a State and a local law.

The differences between the State law and the local law are not of such a character as to render one inconsistent with the

other. The local law supplements the State law by providing heavier penalties for black-market transactions in New York City of the gravest consequence to the property, safety and health of its crowded population, dependent upon thousands of small storekeepers from whom the daily necessities of life must be purchased. The situation justified stern enforcement to avoid many evils and consequent hardship, or at least the ·local Legislature could so decide. The local law prohibits nothing that the State law permits, as was the case in *Matter of Kress & Co.* v. *Depart. of Health* (283 N. Y. 53, 61); cf. *People ex rel. Oltarsh* v. *Levy* (266 N. Y. 523). Nor can any purpose be found in the State law to occupy the entire field to the exclusion of local laws of the character expressly authorized by the Constitution and the City Home Rule Law. Laws dealing with the same subject matter are not necessarily incompatible because not identical. Indeed in this case they are entirely consistent, and conclusion follows that the local law is valid.

The judgment should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur; MEDALIE, J., taking no part. ·

Judgment affirmed.