AARON HELLER, Plaintiff, *v.* DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, February 11, 1949.

*John P. McGrath, Corporation Counsel* (*Morris W. Weiner, Sol Cooperman* and *Elias Low* of counsel), for defendant.

*Joseph J. Hammer* for plaintiff.

LEVY, J. The defendant moves for judgment on the pleadings in this action brought to declare sections 118-b, 118-c and 118-e of the Sanitary Code of the City of New York to be inconsistent with section 6814 of the Education Law of the State of New York and unconstitutional, void and unenforcible. The question involved is whether the field covered by the Code provisions is fully covered by the statute in such manner as to produce inconsistency and invalid exercise of legislative power. It might appear that the essential characteristic of the State statute is that it covers the entire field with respect to what may or may not be done within the six months' period. It is the opinion of the court, however, that in the light of the most serious condition of health hazard which the Code provisions are intended to ameliorate, it cannot be said that they have actually taken away what the statute permits, as was done in *Matter of Kress & Co.* v. *Department of Health* (283 N. Y. 55). There the State statute permitted the use of a cellar in connection with a particular business. Under local law it was pro-

hibited. No adaptation by regulation was permissible. The same field was covered with completely opposite effect. In *People* v. *Lewis* (295 N. Y. 42), both State and local law covered the same field but the latter provided sterner punishment, which the court held permissible and not inconsistent in view of the gravest consequences which would otherwise be visited upon the safety and health of the city's crowded population. The imposition of sterner punishment did not render the laws incompatible, though not identical. Moreover, it is not unlike the requirement in the instant case for successive prescriptions to enable the procurement of that which the State statute permits. Furthermore, the latter situations are wholly different from the absolute prohibition by local law against the use of a cellar as already permitted by State statute, as the situation in the *Kress* case (*supra*) upon which the plaintiff principally relies. There the court, at page 59, indicates that " A municipality which is empowered to adopt health regulations may, in spite of general regulations by the State, adopt additional regulations or requirements, where there is a real distinction between the city and other parts of the State. They must be based upon special conditions existing in the city. That is not the case here." The conditions which would establish the distinction in this case are found to be established by the pleadings (see *People* v. *Sampsell*, 248 N. Y. 157).

The motion is granted. Settle order.