Owen McGivern, J.
By their complaint in this action, plaintiffs seek a judgment declaring unconstitutional section D26-3.10 of the Administrative Code of the City of New York (Local Laws, 1957, No. 79 of City of New York), insofar as it requires installation of central heating and hot-water equipment in tenement properties containing more than 10 apartments ; further, the defendants are sought to be restrained from proceeding to enforce these provisions.
The plaintiffs challenge the validity of this enactment upon the ground that it acts to deprive the owners of property without due process, in that they are compelled to borrow at very high interest rates or sell the property at a tremendous sacrifice; it is also contended that it does not actually promote the public health and safety of the tenants and falls short of accomplishing the purposes which motivated its passage, and, further, that it is in conflict with the Multiple Dwelling Law.
The defendants move, pursuant to rule 112 of the Buies of Civil Practice, for judgment on the pleadings dismissing the complaint on the ground of legal insufficiency and declaring the legislation constitutional.
The City Council held hearings prior to the enactment of the sections in question and made findings which sufficiently set forth the legislative purpose (Administrative Code, § D26-1.0) to require central heat and hot water or, alternatively, the use of approved heaters to eliminate the danger of fire now affecting the health, safety and welfare of the community. The court feels that this was a reasonable use of police power, since there is a close relationship between this use of the power and the evil sought to be remedied, and there is no requirement of unreasonable expenditure when considered in the light of the objective to be accomplished. Individual hardship must yield to the lawful exercise of the police power in the absence of the requirement of an unreasonable expenditure (Adamec v. Post, 273 N. Y. 250) and that the city may exercise police power in relation to the safety and health of its inhabitants is well established. In People v. Lewis (295 N. Y. 42, 50, 51) it is stated: “ There can be no doubt that such a law is within the field of legislative power of the city as defined in the provisions of the Constitution, the City Home Buie Law and the New York City Charter unless it is inconsistent with the laws of the State. *559 * * * Laws dealing with the same subject matter are not necessarily incompatible because not identical.”
Finally, the provisions in the enactment under attack are not inconsistent with subdivision 4 of section 3 of the Multiple Dwelling Law and are fully justified under the powers vested in the local legislative body.
The defendants’ motion to dismiss the complaint and granting judgment in favor of the defendants is granted in all respects.
Settle order.