William B. Lawless, Jr., J.
This appeal from the City Court of Buffalo is from a conviction by the defendant of section 26 of chapter 9 of the Buffalo City Ordinances which prohibits the offering for sale, distribution or possession of any book or newspaper which is known to contain any indecent, obscene or immoral picture. The defendant was tried without a jury on April 10, 1961 before the Honorable William J. Ostrowski in the City Court of Buffalo.
The indictment charged violation of sections 26 and 27 of the Ordinances of the City of Buffalo.
FACTS
On December 5,1960, Buffalo City Police Officers John Crotty and Eugene Gibbons entered the Genesee Book Store, examined and confiscated a number of magazines. At the time of their .visit the wife of the defendant was in charge of the store and the defendant was at home, ill. The magazines taken by the police were new magazines and were taken from various piles and different shelves. When the,police officers arrived at about 4:30 p.m. on December 5, the defendant’s wife was behind the counter. When apprised of the purpose of the visit, defendant’s wife telephoned the defendant and then turned over the telephone to Police Officer Crotty. During the telephone conference, defendant admitted he knew generally the kind of magazines displayed *560 but had not actually seen any of them. Thirty-one magazines were thereafter taken by the police officer, 14 of which were alleged in the information to be obscene.
On the trial in the City Court, the City of Buffalo presented three witnesses, whose testimony tended to establish that the store was owned and operated by the defendant, and although there is no proof in the record that the defendant had personal knowledge of the contents of each of the magazines seized and alleged to be obscene, he was generally aware that the contents of these magazines were not suitable reading material for youngsters, at least. Certain of the magazines in question were set out upon a shelf open to public view behind the counter and these magazines were reserved for adults only.
The trial court, having heard the proof, convicted the defendant and issued a decision dated May 5,1961 wherein it held that the evidence was sufficient to establish that the defendant was the owner and operator of the Genesee Book Store; that he had knowledge of the content of the magazines (obviously relying upon defendant’s telephone conversation with Lieutenant Crotty). The trial court based its decision upon the principles set forth in Roth v. United States (354 U. S. 476 [1957]) and Smith v. California (361 U. S. 147 [1959]). The City Court specifically held the ordinance (§ 26, ch. 9) constitutional and held “ that it is a valid enactment of the City of Buffalo ” and held the information sufficient for the reasons cited in the City Court’s earlier opinion in City of Buffalo v. Illardo, decided May 2, 1961. The decision in the Illardo case is before this court, and to summarize it briefly, it holds that section 26 of chapter 9, of the City Ordinances is constitutional in view of the Supreme Court decision in the Roth case (supra) and in view of .the statutory canon emphasized in People v. Finkelstein (9 N Y 2d 342 [1961]), which upheld the constitutionality of section 1141 of the Penal Law.
The City Court decision in the Illardo case did not consider the opinion of the Appellate Division, Second Department, in People v. Richmond County News (11 A D 2d 799). In the Richmond County News case, defendant was charged and convicted with selling and distributing an obscene magazine allegedly in violation of section 1141 of the Penal Law. The conviction in the Court of Special Sessions of the City of New York was reversed on appeal, and the information dismissed. The Appellate Division agreed with the trial court that the magazine was obscene, but it decided that the proof failed to establish that defendant had knowledge of the magazines’ *561 obscene character. (The scienter requirement was emphasized in Smith v. California, 361 U. S. 147 [1959], supra.)
It is important to note that the conviction before this court was reached on May 5,1961, 20 days prior to the Court of Appeals decision in People v. Richmond County News (9 N Y 2d 578). The Court of Appeals affirmed the reversal of Special Sessions by the Appellate Division, but on different grounds. The majority opinion in the Court of Appeals held that the magazine in question was not obscene and adopted the 1 ‘ hardcore pornography ” test. (See Judge Fuld’s majority opinion, p. 586; also concurring opinion of Chief Judge Desmond, p. 589.) In other words, the present New York standard had not been enunciated at the moment of conviction and was therefore not available to the Trial Judge in reaching his decision in this case.
Although it is true that the Richmond County News case interpreted section 1141 of the New York Penal Law, whereas the defendant in the case at bar was convicted of a violation of the Buffalo City Ordinance, this court notes that the Buffalo City Ordinance is stated in language strikingly similar to section 1141 of the Penal Law.
The Buffalo City Ordinance provides: “ Section 26 — No person shall sell, expose or offer for sale, distribute, possess, or give away, within the City of Buffalo, any book, newspaper, .... which said person knows to contain any indecent, obscene or inunoral picture ’ \
Section 1141 of the Penal Law provides in part:
‘‘ § 1141. Obscene prints and articles.
“ 1. A person who sells, lends, gives away, distributes, shows or transmutes, or offers to sell, lend, give away, distribute, show or transmute, or has in his possession with intent to sell, lend, distribute, give away, show or transmute, or advertise in any manner, or who otherwise offers for loan, gift, sale or distribution, any obscene, lewd, lascivious, filthy, indecent, sadistic, masochistic or disgusting book, magazine, pamphlet, newspaper, story paper, writing, paper, card * * * or who,
“ 2. In any manner, hires, employs, uses or permits any person to do or assist in doing any act or thing mentioned in this section, or any of them,
“ Is guilty of a misdemeanor.”
Although the appellant herein makes a forceful argument for holding that the State has pre-empted the field of obscene publications through its enactment of section 1141 of the Penal Law, for the purpose of this appeal we will continue the presumption of constitutionality that favors it and we will assume for the *562 purpose of this appeal that a municipality has the authority to continue on its books an ordinance dealing with obscene literature. (People v. Sampsell, 248 N. Y. 157 [1928]; People v. Lewis, 295 N. Y. 42 [1945].) In the Sampsell case it was held that a Dunkirk City Ordinance prohibiting trains on crossings for more than three minutes at a time was not rendered invalid by section 1985 of the Penal Law which provided a five-minute limit.
Where a municipality seeks to enforce an ordinance of its own making, it must adopt the criteria established by the courts for statutes which seek similar regulation. We hold, therefore, in the case at bar that the ordinance in question must comply with the holding of the Court of Appeals in People v. Richmond County News (supra). In other words, the trial court must find as a fact that the books in question constitute “ hard-core pornography ” or there is no violation of the City Ordinance. We also note that since the argument of the appeal in this case, the Court of Appeals has again considered People v. Finkelstein (11 N Y 2d 300) and holds, (1) that proof of scienter does not require eyewitness testimony (citing Smith v. California, 361 U. S. 147, supra) and holds that it is not error to exclude from evidence proof of contemporary community standards.
Since these decisions were not available to the City Court at the time of its determination, we reverse the conviction and remit the matter for a new trial.