Fxjld, J.
The defendant, unquestionably the person in control of a multiple dwelling in the Harlem area of Manhattan, was convicted of failing to file a 11 registration statement ’ ’ as required by New York City’s Multiple Dwelling Code.[1] The applicable section (Administrative Code of City of New York, § D26-3.1), insofar as relevant, directs that “ Every owner of a multiple dwelling shall file * * * a written registration statement ” describing the premises, giving the owner’s name and address and the name and address of “ a managing agent in control of and responsible for the [dwelling’s] maintenance and operation”. The Appellate Part of Special Sessions reversed the judgment of conviction and dismissed the complaint, for “ errors of law only ”, on the ground that the statute imposed a liability solely upon “ the true owner ”.
This poses the primary question for decision and, accordingly, we turn to the provision of the code (§ D26-2.2) containing the applicable definitions.[2] The term ‘ ‘ owner ’ ’ is defined in subdi *179 vision 15 of section D26-2.2 to “ mean or include ” the “ owner of the freehold of a multiple dwelling * * *, a mortgagee or vendee in possession, * * * trustee, lessee, agent, or any other person, firm or corporation, directly or indirectly in control of a multiple dwelling.” If words are to have their reasonable and natural sense, the sentence can only mean that the term “ owner ”, ‘ ‘ whenever used ” in the Multiple Dwelling Code, includes an 1‘ agent, or any other person * * * in control of a multiple dwelling.” If this be so, then it follows that the defendant, as the one indisputably in control of the premises, was properly convicted of the offense charged against him: an owner must file a registration statement; an agent or other person in control of the building is included within the term “ owner ”; ergo, such agent or person must file a statement.
It is contended, however, that the second sentence of subdivision 15 “ militates ” against this conclusion and renders only the true owner responsible for filing a registration statement. It is difficult to follow the argument advanced by the defendant since that sentence does no more than recite that “ Any reference in this title to an owner ” shall be deemed to designate “ collectively ” all the persons listed in the first sentence “ including, but not limited to, the owner [of the multiple dwelling] * * * and a managing agent designated by such owner ” pursuant to the several subdivisions of section D26-3.1. This second sentence, as we read it, was inserted, not to narrow the meaning of “ owner ” within the sense of the filing statute (§ D26-3.1), but rather to indicate that, even when a registration statement has been filed by the true owner in accordance with that statute, the reference to “ owner ” throughout the title is not to be taken as excluding any of the persons — one of whom is an agent or any other person in control — listed in the first sentence of the definition. If there could be any doubt of this, it is dispelled by the use of the phrase, “ including, but not limited to ”, the owner and managing agent designated by such owner.
In short, when the registration filing statute is read in the light of subdivision 15 of section D26-2.2, it becomes manifest that all who are encompassed within the term “ owner ” share a responsibility for complying with the filing provision and that, if the owner has himself failed to file the statement, the agent or other person in control of the premises may be held liable.
*180 Nor may we ignore the 11 legislative declaration” contained in section D26-1.0 of the code to the effect that enforcement of multiple dwelling regulations is greatly impeded by the difficulty of finding within the city “ owners or other persons having legal responsibility for * * * maintenance and operation ” of such dwellings. It was undoubtedly with this declaration in mind that the city’s legislative body defined the term “ owner ” to include others in addition to the true owner. By imposing the duty of filing the registration statement upon such other persons, there was assurance that the difficulties and obstacles remarked could be overcome and that those legally responsible for the building’s maintenance and operation could be held accountable for violations of the code. Quite obviously, the provision would avail the city naught if only the true owner were under the necessity of filing the essential statement. If the actual owner failed to file and no one else was under a duty to do so, the city’s law enforcement authorities would be just as helpless as they would have been had no statement been required. There can be no doubt that, where the charge against a defendant is predicated on violation of a code provision rendering the “ owner ” liable for doing or failing to do those things necessary to maintain a building in a safe and sanitary condition (e.g., § D26-3.0, § D26-3.7, § D26-3.10), the agent or person in control of the multiple dwelling is to be treated as “ owner ” and held liable (cf., e.g., People v. Smith, 7 N Y 2d 1031), and there is no basis in reason or logic for a different result when we deal with the provision requiring the “ owner ” to file a registration statement.
The State law (Multiple Dwelling Law, § 325) admittedly requires the owner “ and ” an agent or other person in control of a multiple dwelling to file with the appropriate department the equivalent of the statement called for by the code. Since the policy motivations which prompted enactment of both the State and city provisions were the same, it would not only be incongruous to ascribe one meaning to the State law provision and another to the one in the city code but it would be unreasonable to believe that the city’s legislative body could have so intended. The language employed by the State Legislature is more explicit in directing the agent to file, but those who drafted the code section were not under the necessity of using similar *181 phraseology; they accomplished the same result by declaring that the term “ owner ” includes and means an agent or any other person in control of the premises. Certainly, the courts should not strain to narrow this manifestly broad legislative definition, when to do so would seriously impede the city’s enforcement of its multiple dwelling laws.
The order appealed from should be reversed and the case remitted to the Appellate Term of the Supreme Court for determination of possible questions of fact.

. He was sentenced to pay a fine of $250, or, in default thereof, to 15 days in jail; execution of said sentence was suspended.

. The defendant, in addition to urging the construction adopted by the Appellate Part, also seeks to support that court’s reversal of his conviction with several other arguments: (1) section D26-3.1 of the code is void upon the ground that it was enacted by the City of New York in violation of the Constitution of this State (art. IX, § 12); (2) the penalty prescribed for a violation of that section “violates state and federal constitutions”; and (3) the State Legislature failed to make violation of the section a crime. We deem it sufficient to say that we have fully considered these arguments and find them devoid of merit. (See, e.g., People v. Lewis, 295 N. Y. 42, 49-50; Matter of Samuel Werner, Inc., v. Schulz, 298 N. Y. 804; cf. I. L. F. Y. Co. v. City Rent & Rehabilitation Administration, 11 N Y 2d 480, 488-490.)