Fuld, J. (dissenting).
I find nothing in the State Minimum Wage Law (Labor Law, § 650) which gives evidence of any legislative design to exclude consistent local legislation and, since the New York City Minimum Wage Law (Administrative Code of City of New York, § 1113-1.0 et seq.) neither prohibits what the State statute affirmatively permits nor permits what it prohibits, I perceive no such conflict as to require the local law to be stricken as unconstitutional. There is no inconsistency between a city law and a State statute dealing with the same subject simply because the local law provides higher minima or standards than those prescribed by the State law. In the present ease, both enactments are prohibitory, the only difference between them being that the local law goes further than, not counter to, the prohibition contained in the State statute.[1]
It is only necessary to add that, in my view, New York City had power to pass the local law before us under its police power, *1001 enacted as it was to eliminate the threat to the health, welfare and safety of the city’s inhabitants from conditions peculiar to the city, stemming from inadequate wage rates. In short, where a municipality possesses the power, as I believe here to be the case, to enact consistent local laws for the protection of the public health, welfare and safety of its residents, it may permissibly act to extend or increase the prohibition enacted by the State in a general State-wide statute in order to meet local needs and such extension and increase of State-wide prohibitory action does not render the local law inconsistent with such State law.
I would reverse the judgments appealed from and render judgment declaring the City Minimum Wage Law valid and constitutional.
Judgments affirmed, etc.

. If I be correct in this analysis, then, the provisions of the City Home Rule Law relied upon barring adoption of a local law which “ supersedes” (§ 21, subd. 5) or “amends” or “repeals” (§ 11, subd. 4) a State statute did not prevent enactment of the legislation before us. (Cf. People v. Sampsell, 248 N. Y. 157, dealing with subdivision 8 of section 21 of the City Home Rule Law.)