Herbert M. LEVENGARD, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 4744.

District of Columbia Court of Appeals.

Argued Feb. 24, 1969.

Decided June 30, 1969.

Herbert M. Levengard, pro se.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge:

Appellant, the owner of a rooming house, was convicted by the court below sitting without a jury of failing to correct violations of the District of Columbia Housing Regulations within the time ordered by the Department of Licenses and Inspections (Department).[1] He was sentenced to pay

---

1. Section 1301 of the District of Columbia Housing Regulations provides in pertinent part:

Whenever any duly designated agent of the District of Columbia determines that there are reasonable grounds to be-lieve that there exists a violation of any provisions of these regulations, he shall make a report to the Director of the Department of Licenses and Inspections of the District of Columbia, who shall, in his discretion, give notice of

a fine of $300 or, in default thereof, to serve ten days in jail.[2] The execution of such sentence to the extent of $150 of the fine was suspended by the trial court on condition that the offense not be repeated.

Appellant contends that the trial court erred in concluding that the Department afforded him reasonable time to correct the violations before he was charged, tried, and convicted. On November 20, 1967, the Department personally served appellant with a notice that it had found 42 violations of the Housing Regulations at his rooming house, consisting mainly of paint and plaster peeling from interior walls, ill-fitted or poorly operating windows, and outside stairs and walkways requiring repairs. The notice ordered appellant to correct such deficiencies within 30 days. On January 3, 1968, after the expiration of the 30-day period, appellant requested from the Department an extension of time on the ground that an attack of "strep throat", followed by a bad cold, had prevented him from completing the work necessary to correct the violations. Appellant gave no details about his illness. His request for extension was denied and the government initiated prosecution.

At trial, the Department's inspector who had found the violations in appellant's rooming house testified that in his professional opinion, based upon eight years experience as a housing inspector, 30 days was sufficient time to correct these violations. The government also presented testimony that 22 of the 42 deficiencies had not been corrected as of January 9th, the date of the filing of the information.

Appellant represented himself at trial and testified in his own defense: That the marginal income produced by his property precluded him from maintaining a contractor or other work force on a standby basis to make repairs; that a painter and a plasterer whom he had used in the past were either unable or uninterested in doing the work and he was forced to do it himself; that his illness had hampered his efforts; and, that he received simultaneous notice of violations of the Housing Regulations at four rooming houses he owned and was given 30 days to correct all of them.

■ This court is aware of and sympathetic to the vicissitudes which must be endured today by a property owner in obtaining reliable and competent help to maintain his premises, but one who chooses to use his property as a dwelling place for others to produce profit for himself cannot avoid compliance with the safety standards properly established for such use merely because it is expensive or difficult. *See* Dankner v. City of New York, 20 Misc.2d 557, 194 N.Y. S.2d 975 (Sup.Ct.1959). There is no evidence that the repairs which the Department directed appellant to make were so numerous or difficult as to have prevented him from finding and hiring someone able to do them in time. The record does not indicate that appellant's illness impaired his ability to employ and direct others to correct the violations existing on his property which he alleges he himself was incapable of correcting.

■ We are not persuaded by appellant's argument that the Department acted unreasonably in requiring him to make repairs in three other houses at the same time he was ordered to correct the violations at his rooming house in this case. The ownership of four rooming houses carries with it

such alleged violation to the person or persons responsible therefor, as hereinafter provided. Such notice shall:

\* \* \* \* \*

[1301.4] Allow a reasonable time for the performance of any act such notice requires \* \* \*.

2. Section 2104 of the District of Columbia Housing Regulations provides in pertinent part:

Any person who fails to comply with any provision of this Code after expiration of the time for compliance established in accordance with this Code shall upon conviction be punished by a fine not to exceed $300, or by imprisonment for not to exceed 10 days, in lieu of or in addition to any fine, for such failure to comply \* \* \*.

a responsibility to have a commensurate capacity to maintain such holdings. The trial court could properly consider in determining the reasonableness of the time granted by the Department the relatively simple nature of the repairs required and the fact that prosecution was not initiated until almost 50 days after appellant was put on notice of the violations. We conclude that the evidence is sufficient to support the trial court's finding that the time afforded appellant to correct the violations was reasonable.

We have carefully considered appellant's other contentions and find them to be without merit. Accordingly, the judgment of conviction is

Affirmed.