Josh Koplovitz, Esq. Town Attorney, Woodstock
This is in reply to your letter of February 16, 1978 requesting my opinion as to whether the Town Board of the Town of Woodstock has the power, either by local law or ordinance, to prohibit discrimination against an individual in private housing, employment and places of public accommodation on the basis of sexual or affectional preference. You also inquire whether such an ordinance or local law could duplicate the provisions of the State Human Rights Law (Executive Law, Article 15) by prohibiting discrimination in housing, employment and places of public accommodation on the basis of age, race, creed, color, national origin or sex, omitting, as to such categories, a specific local remedy in favor of the remedies provided under the Human Rights Law.
In a previous opinion, I indicated that the State Human Rights Law was not intended to pre-empt the area of discrimination, noting that sections 297(9) and 300 of the Human Rights Law expressly recognize the existence of alternative remedies for the victims of discrimination (1968 Op. Att. Gen. [Inf.] 98). The views expressed and authorities cited in that opinion apply as well to the situation set forth in your letter.
Section 297(9) of the Human Rights Law provides:
 "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter * * *."
Section 300 of the Human Rights Law further provides:
 "The provisions of this article shall be construed liberally for the accomplishment of the purposes thereof. Nothing contained in this article shall be deemed to repeal any of the provisions of the civil rights law or any other law of this state relating to discrimination because of race, creed, color or national origin * * *."
It has been recognized that only when a proceeding is pending before the Division of Human Rights is the procedure set forth in the Human Rights Law deemed to be the exclusive remedy for discrimination. Gaynor v.Rockefeller, 21 A.D.2d 92, 97 (1st Dept., 1964), affd. 15 N.Y.2d 120
(1965). The State has not pre-empted action by localities with regard to discrimination. Matter of Feigenblum v. Commission on Human Rights,53 Misc.2d 360 (Sup.Ct., Kings Co., 1967).
Local legislation may, therefore, legally duplicate the provisions of the Human Rights Law by prohibiting discrimination in housing, employment and public accommodations on the basis of age, race, creed, color, national origin or sex and may provide that persons aggrieved under these categories may pursue the remedies available under the Human Rights Law. Such legislation would be within the police power of a Town Board as expressed in Town Law, § 130:
 "The town board after a public hearing may enact, amend and repeal ordinances, rules and regulations not inconsistent with law, for the following purposes:
* * *
 "15. Promotion of public welfare. Promoting the health, safety, morals or general welfare of the community, including the protection and preservation of the property of the town and of its inhabitants, and of peace and good order, the benefit of trade and all other matter related thereto, insofar as the same shall not be inconsistent with existing law."
With respect to the power of the Town Board to enact such legislation in the form of local laws, the Municipal Home Rule Law provides:
 "10. (1) In addition to powers granted in the constitution, the statute of local governments or in any other law,
* * *
 "(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the constitution or not inconsistent with any general law, relating to the following subjects * * *"
"a. A county, city, town or village:
* * *
 "(12) The government, protection, order, conduct, safety, health and well-being of persons or property therein * * *."
Since local legislation prohibiting such discrimination would neither "prohibit what the State law permits nor allow what the State law forbids, "Wholesale Laundry Board of Trade v. City of New York,17 A.D.2d 327, 329 (1st Dept.), affd. 12 N.Y.2d 998 (1963), no inconsistency with State law would result. Indeed, such local enactments would be supplementary of State law. People v. Lewis, 295 N.Y. 42
(1945).
The Human Rights Law makes no mention of discrimination on the basis of sexual preference. However, its silence does not mean that such discrimination is "permitted" as a matter of State policy or that such discrimination cannot be prohibited by local governments.
In People v. Cook, 34 N.Y.2d 100 (1974), in sustaining a New York City tax on the sale of cigarettes based on their tar and nicotine content despite the silence of a State statute in that area, the Court of Appeals stated:
 "Any time that the State law is silent on a subject, the likelihood is that a local law regulating that subject will prohibit something permitted elsewhere in the State. That is the essence of home rule. A different situation is presented when the State has acted upon a subject, and in so acting has evidenced a desire that its regulations should pre-empt the possibility of varying local regulations." 34 N.Y.2d at 109.
As noted above, the New York Human Rights Law does not evidence a legislative desire that its provisions should pre-empt local regulation.
It is my opinion, therefore, that pursuant to Town Law, § 130 (15) and Municipal Home Rule Law, § 10(1)(a)(12), the Town of Woodstock may exercise its police power to adopt an ordinance or local law prohibiting discrimination on the basis, inter alia, of sexual preference.