Honorable David Axelrod Commissioner Department of Health
You have asked whether New York City's Local Law No. 13 of 1981, which amends the City's Administrative Code in relation to the regulation of funeral services, is preempted by Article 34 of the Public Health Law. We have reviewed the provisions of the city's local law and have compared them with Article 34 of the Public Health Law and the regulations promulgated thereunder (10 NYCRR, Parts 77 and 78). Generally, the provisions of the local law closely resemble the State regulations. There are, however, some significant distinctions. Under State law funeral directors and establishments are required to furnish "at the time funeralarrangements are made for the care and disposition of the body of the deceased person, a written statement showing thereon the price of the funeral, which shall include an itemized list of the services and merchandise to be furnished for such price and a statement of the cash advances and expenditures to be advanced" (emphasis supplied; Public Health Law, § 3440-a). The regulations detail this requirement and make it clear that prices are to be provided for the funeral and "each item of service and merchandise actually to be furnished" (10 NYCRR, Part 78, § 78.1[b][4]).
Under the City's local law "any provider of funeral services shall, upon request, provide over the telephone, information regarding the range of prices and shall affirmatively disclose the availability of a presentation sheet at the establishment." (Local Law No. 13 of 1981 § C64-28.0.) Further, the local law requires that the provider prominently display at the funeral establishment and readily make available to a customer a printed presentation sheet (id., § C64-24.0).
 "The presentation sheet shall contain an itemized list of all funeral merchandise and services available at the establishment, a statement that the prices therefor are available upon request, and appropriate disclosures regarding legal requirements for procurement of funeral merchandise and services, the form and contents of which shall be prescribed by the commissioner. The presentation sheet shall be made current annually." (Ibid.)
Thus, while State law requires disclosure of pricing information as to services actually to be provided, the City requires such disclosure over the telephone if requested by a prospective customer and access to pricing information be made readily available at the funeral establishment. While the thrust of both the City and State regulations is consumer protection, the City has afforded the consumer greater or additional protection in this area.* This opinion addresses the question whether State law has preempted the regulation of disclosure of pricing information by the funeral industry.
Article IX, section 2(c)(ii)(10) of the New York Constitution and section10(ii)(a)(12) of the Municipal Home Rule Law provide that:
 "every local government shall have power to adopt and amend local laws, not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to * * *
 "The government, protection, order, conduct, safety, health and well-being of persons or property therein * * *"
The regulation of funeral directing and funeral services are matters which relate to the health, safety and well-being of persons within a municipality. Thus, in the absence of State preemption, New York City is authorized to adopt local laws relating to funeral services, as long as they are not inconsistent with the Constitution or general laws of the State.
If a local government is otherwise authorized to legislate, it is not forbidden to do so unless the State,
 "expressly or impliedly, has evidenced an unmistakeable desire to avoid the possibility that local legislation will not be on all fours with that of the State." (People v New York Trap Rock Corp., 57 N.Y.2d 371, 378 [1983].)
Two primary indicia of State preemption are: (1) a statement in the law that indicates the State's purpose to occupy the entire field or (2) the presence of a pervasive scheme from which the inference of preemption may be drawn (Wholesale Laundry Board of Trade v City of New York,17 A.D.2d 327 [2d Dept, 1962], affd without op 12 N.Y.2d 998 [1963];People v DeJesus [Luis], 54 N.Y.2d 465 [1981]). When State law specifically indicates by its provisions that the State's purpose is to occupy the entire field, all local laws in this area are prohibited (Wholesale Laundry Board of Trade v City of New York, supra). Local legislation is also precluded in areas marked by a pervasive scheme of State legislation (People v DeJesus [Luis], supra).
However, the fact that the State deals with a subject — without more — has not been construed to constitute automatic preemption (Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 N.Y.2d 679
[1980]; People v Judiz, 38 N.Y.2d 529, 531-532 [1976]). In addition, a local law may cover the same subject matter as State legislation by supplementing the State law with additional reasonable requirements, such as an increased penalty (People v Lewis, 295 N.Y. 42 [1945]). Under these circumstances "the differences between the State law and the local law are not of such a character as to render one inconsistent with the other" (id., at 50-51).
New York City Local Law No. 13 of 1981, which amends the City Administrative Code's regulation of funeral services requires funeral directors to make available a printed price list to potential customers and to quote prices over the telephone. Neither of these consumer-protective practices are addressed by Article 34 of the Public Health Law, although the State law does require disclosure of pricing information at the time funeral arrangements are made (Public Health Law, § 3440-a).
Section 3440-a was added to the Public Health Law as chapter 427 of the Laws of 1974 at the request of the Attorney General in order to prohibit in the funeral business such "price-gouging techniques" as package or unit-price bills (State of New York v Garlick Chapels, 55 Misc. 797 [Sup Ct, Sp Term, New York Co, 1967], affd 30 A.D.2d 143 [2d Dept, 1968], affd on op below 23 N.Y.2d 754 [1968]). Thus the intent of section 3440-a is clearly consumer protection.
Article 34 of the Public Health Law does not by its terms preempt the field of regulating funeral directing. Rather, section 3404
of the Public Health Law expresses an intent that local legislative authority is preserved.
 "The provisions of this article shall supercede any inconsistent provision of any general, special, or local law." (Emphasis provided.)
In superseding only inconsistent local laws, the State has preserved a municipality's authority to enact within the scope of its home rule power, consistent local legislation. The preservation of such local law power is incompatible with the notion that the State has intended to preempt the entire field of funeral directing through the adoption of Article 34 of the Public Health Law.
Thus, New York City's local law is valid if it is consistent with State law. When State law is silent as to a subject, the adoption of local legislation regarding that subject does not establish an inconsistency with State law (People v Cook, 34 N.Y.2d 100, 109 [1974]). Indeed, to find otherwise would vitiate home rule (ibid.). Article 34 does not deal with distribution of pricing information to potential customers or quotation of prices over the telephone. It requires disclosure of prices at the time actual arrangements are made. Thus, New York City's local law provides additional, rather than different regulations. The concerns of consumer protection found in section 3440-a of the Public Health Law are supplemented by Local Law No. 13.
 "The concern of the State to protect health and welfare may not stand in the way of action by the city consistent with the ends envisaged by the State but adding greater safeguards to related ends that are municipal or urban. The city may not deny the safeguards of the State, but may make further safeguards." (Adler v Deegan, 251 N.Y. 467, 485
[1929], Cardozo, Ch. J., concurring.) Local legislation supplementing State Law with additional requirements is permissible and is not inconsistent with State law (People v Lewis, supra).
We conclude that provisions of New York City's Local Law No. 13 of 1981 dealing with disclosure of pricing information by the funeral industry is neither preempted by nor inconsistent with Article 34 of the Public Health Law.
* New York City takes the position that the funeral industry is bound by both section 3440-a of the Public Health Law and the above-mentioned provisions of Local Law No. 13 of 1981. The local regulations on disclosure of pricing information are viewed by the City as supplemental to, rather than in place of the State regulations. We believe that the two sets of regulations provide different protection to the consumer. On the one hand, the City's local law affords protection at an early stage when the consumer is considering the types of services available, whereas the State requires disclosure of pricing information at the time funeral arrangements are made.